NICHOLS, Senior Circuit Judge.
 

 This is the third of three cases filed in this court by the same person, Anthony R. Hambsch, III, and represented by the same counsel. Hambsch was a United States civil servant in the competitive service. He was employed in the Uniformed Division of the United States Secret Service, and that employment ended in Hambsch’s dismissal by adverse action on three charges of misconduct. Hambsch appealed his dismissal to the Merit Systems Protection Board (MSPB), which affirmed the agency decision, and we affirmed the board in a case reported as
 
 Hambsch v. Department of Treasury,
 
 796 F.2d 430 (Fed.Cir.1986). The second case, No. 87-1517 on appeal from the Claims Court, seeks review of a Uniformed Division’s prior refusal to grant him administrative leave
 
 (i.e.,
 
 leave without charge to accrued annual or sick leave) under 5 U.S.C. § 6324, because of injuries suffered in a motorcycle accident while on duty. It was argued a month before the one at bar, and before a panel differently composed except for one judge. The case at bar, also appealed from the Claims Court, challenges a similar refusal to grant administrative leave on account of alleged psychiatric disability caused by investigations and surveillance of Hambsch by his employing agency. We shall call those two cases Hambsch II and III. It would appear that the challenges in those cases, if successful, could have had a bearing on the misconduct charged in case I, but he chose to argue his MSPB appeal on other grounds.
 

 Rule 47.5 of this court requires counsel to state the title and number of any related case pending in this court. In all three, the briefs denied any knowledge of any such related case. We believe the three cases were and are related in the sense of the rule. Our clerk of court and his deputies cannot be expected to divine a relationship denied by counsel. We would have been caused considerable embarrassment and lost motion except for the happenstance of one judge being drawn for panel membership in both cases I and II, and another in II and III. The rule is there for a purpose, and we must insist on compliance.
 

 The panel in the instant case (III), after oral argument, invited the parties to submit supplemental briefs dealing with a possible jurisdictional question under
 
 United States v. Fausto,
 
 — U.S.-, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). Both parties filed statements showing they saw no jurisdictional problem. Nevertheless, we must determine jurisdiction for ourselves, and want of jurisdiction is a defect that cannot be waived. We hold that the Claims Court, the trial tribunal, lacked subject-matter jurisdiction and, accordingly, we must vacate
 
 *1230
 
 the court’s judgment and remand with directions to dismiss the complaint.
 

 Background
 

 In this case, Hambsch says the employing agency subjected him to needless surveillance, investigations, and harassment, causing him to suffer from stress-related psychiatric illness, during the course of which he could not work. This agency conduct resulted from a bizarre incident in which Hambsch, off duty and in a Washington nude or topless bar, threatened to arrest a female he considered to be indecently attired, a matter obviously unconnected with the role of the Secret Service. Hambsch claimed that under section 6324,
 
 supra,
 
 he was entitled to administrative leave, which was denied, and he went on sick leave October 17, 1981, and remained on it until his accrued sick leave expired and then he was on leave without pay, returning to duty only on April 12, 1982. He would not have returned so soon if he had remained in a pay status. He claims $123,950.68, of which but a minor part is actual lost wages for 23 days.
 

 The statute he relies on, 5 U.S.C. § 6324, says in pertinent part:
 

 (a) Sick leave may not be charged to the account of a member of the * * * [Uniformed Division] for an absence due to injury or illness resulting from the performance of duty.
 

 (b) The determination of whether an injury or illness resulted from the performance of duty shall be made under regulations prescribed by * * *
 

 (3) The Secretary of the Treasury * * *
 

 The Secretary had in place an Administrative Review Board which denied Hambsch’s requested administrative leave on various grounds, stressing that his problems resulted from causes other than performance of duty. The head of the Division affirmed.
 

 Hambsch’s suit in the Claims Court asserts that the adverse administrative determination in his case was arbitrary, capricious, and not supported by substantial evidence. The court entered a summary judgment of dismissal based on its review of the record and its determination that the denial of administrative leave was not arbitrary, capricious, or unsupported by substantial evidence. The appeal to this court followed.
 

 The post-argument briefs of both parties state in effect that
 
 Fausto
 
 and the Civil Service Reform Act of 1978, construed in
 
 Fausto,
 
 deal with adverse actions, that the action complained of in this case was not an adverse action, and that
 
 Fausto
 
 has therefore no application here.
 

 Discussion
 

 Fausto
 
 deals with an adverse action not appealable to the MSPB because Fausto was in the “excepted,” not the “competitive,” service. Hambsch was able to obtain consideration of his dismissal in an MSPB appeal, but did not make a distinct issue there of the denial of administrative leave he complains of here.
 
 Fausto
 
 and this case are thus very different, but whether the difference is decisive could depend on whether Hambsch’s treatment here involved was an “adverse action,” minor or major. The semantics of the
 
 Fausto
 
 opinion are not as lucid as one might have hoped to find when one seeks to apply it to a civilian pay claim of a type obviously not in the mind of the Supreme Court. It is clear, however, that
 
 Fausto
 
 assumes, only arguendo, the existence of certain pay case jurisdiction under the Tucker Act, 28 U.S.C. § 1491, in the old Court of Claims before 1978, that the Court holds the Civil Service Reform Act of that year abolished by implication. We believe that in any event, the 1978 Act did nothing to enlarge that pay case Tucker Act jurisdiction of the old court, whatever it may have been, and if no Tucker Act jurisdiction of a class of pay claim existed before 1978, a fortiori none exists today in the new Claims Court. No reported case indicates otherwise that we are aware of.
 

 Basic principles of Tucker Act jurisdiction under section 1491 were and are that the consent of Congress to suit on any class of claim “cannot be implied but must be unequivocally expressed.”
 
 United
 
 
 *1231
 

 States v. Testan,
 
 424 U.S. 392, 399, 96 S.Ct. 948, 953-54, 47 L.Ed.2d 114 (1976), and cases quoted therein. In a civilian pay case at least, consent is not expressed in the Tucker Act alone, which only selects the court to exercise jurisdiction. Such expression also requires consent to retroactive money liability since Tucker Act relief cannot be prospective only. This consent, for pay cases, is found in the Back Pay Act, 5 U.S.C. § 5596. By the Back Pay Act’s own terms, a tribunal must also look for an “applicable law, rule, regulation, or collective bargaining agreement” as the source of an employee entitlement which an “unjustified or unwarranted personnel action” has denied or impaired.
 

 Testan
 
 illustrates the principle. The old Court of Claims had heard the case of two lawyers employed by the government. They argued, and the court agreed, that because of classification errors, their grade and pay was too low. The court held it lacked the power to reclassify them itself, as that would be a promotion it lacked power to effect, but supposed it could order the old Civil Service Commission to reconsider, avoiding errors the court pointed out, and if the result of the reconsideration were favorable to the lawyers, the court could then enter judgment for back pay.
 

 The Supreme Court, reversing, points out that a “personnel action” may be very damaging to an employee’s pecuniary interests, and may be correctible by prospective judicial relief, without generating a retrospective liability to pay lost wages, which may be unconsented to, even if the challenged action was illegal. As an improper classification was not correctible by back pay under the Back Pay Act, it was not consented to as a suit in the Court of Claims.
 

 Applying that kind of interpretation technique to the claim here at bar, it is noted that the parties often speak of section 6324 as if it requires that police officers be placed on administrative leave if injured in the performance of duty, yet the statute doesn’t say that. It says they must
 
 not
 
 be placed on sick leave. This implication from a negative may indicate an intent to create a liability for back pay for violation, but it is hard to say it does so “unequivocally.” It may be written the way it is to
 
 avoid
 
 creating any affirmative entitlement.
 

 The original version of section 6324 was part of Pub.L. No. 88-471, 78 Stat. 582 (1964). A prior part brings certain police and firemen under the government leave system, five days of sick leave entitlement to accrue for each year of service. The prohibition to put officers injured in performance of duty on sick leave was inserted as an exception to this. Therefore, the focus of the law was to establish a suitable sick leave system, not to provide for line of duty injury, but to prevent its being provided for by sick leave.
 

 It is apparent that placing an officer on sick leave although he was injured in line of duty, would tend to cause him to return to duty when his accrued sick leave expired, perhaps before he was medically ready. This is what Hambsch says happened in his case. The Back Pay Act remedy is inappropriate in that a violation of section 6324 would have no pecuniary consequences until the accrued sick leave was exhausted, which would never happen in many cases as the officer would return to duty first. The Back Pay Act is, among other things, a ceiling limiting recovery in a pay case to which it applies, to the pay the employee normally would have earned during the period covered by the unlawful action. This is not written to make whole an officer who is truly injured by an unlawful personnel action, allowing him no pecuniary recovery in many cases, and only a partial one in most others, if it applies at all. In general, reading
 
 Testan,
 
 the Back Pay Act, and the Tucker Act together, a suit cannot be maintained for back pay under the Tucker Act when the wrongful pay practice does not generate an underpayment of wages during the period when the practice was in effect.
 

 The Tucker Act contains a provision allowing prospective relief in the form of “correction of records,” which might help, but it was added by Pub.L. No. 92-415 in 1972, and thus could not have entered into the expectations of Congress when it enacted Pub.L. No. 88-471 in 1964. The same is
 
 *1232
 
 true of further remand powers granted in Pub.L. No. 92-415 (1972).
 

 We are of the opinion, therefore, that Congress has not “unequivocally expressed” an intent to create a retrospective liability in money damages under the Tucker Act and the Back Pay Act for placing a police officer on sick leave when he has been injured in line of duty and should have been placed on administrative leave. This conclusion is wholly without a bearing on pursuit by others than Hambsch of any kind of prospective relief which, however, would have to be in some other court than the Claims Court, whose enabling laws make no provision for such cases. Prospective relief by mandamus or injunction appears the only remedy that would fit. The provisions added to the Tucker Act in 1972 only apply when jurisdiction otherwise exists and do not help here since we hold that an indispensible element of subject-matter jurisdiction is lacking. If prospective relief in some court is available to others, it does not help Hambsch who, because of his separation for misconduct, has no possibility of benefiting from a correction of his records on another matter, and would not use any sick leave now extended him.
 

 Hambsch argues that section 6324 is intended to provide worker’s compensation in lieu of the scheme of compensation for injuries set forth in 5 U.S.C. §§ 8101 and ff. It would operate to that effect insofar as by section 8102 compensation under that law would not accrue while an injured police officer continued to draw full active duty pay by operation of section 6324. However, we note that by section 8128(b), the Secretary of Labor’s decisions are declared free of judicial review “by mandamus or otherwise.” This law postdated rather than antedated the original enactment of section 6324. It illustrates, however, that the Congress has not been consistently enthusiastic about litigation against the government to contest its employees’ rights to compensation for service-caused injury or disability.
 

 Conclusion
 

 The judgment of the Claims Court is vacated, and the cause is remanded with directions to dismiss the complaint for want of jurisdiction.
 

 Costs
 

 Costs to be borne by the appellant.
 

 VACATED AND REMANDED.