No. 88–6120. HAMBSCH *v.* UNITED STATES. C. A. Fed. Cir. Certiorari denied. 

Memorandum of JUSTICE STEVENS respecting the denial of the petition for writ of certiorari.

There are times when it is important to emphasize the fact that an order denying a petition for a writ of certiorari is not a ruling on the merits of any question presented by the petition. See *Singleton* v. *Commissioner*, 439 U. S. 940, 942 (1978) (STEVENS, J., respecting denial of certiorari). In my opinion, this is such an occasion.

JUSTICE O'CONNOR, with whom JUSTICE SCALIA and JUSTICE KENNEDY join, dissenting.

In this case, the Court of Appeals has misread a statute designed to protect the rights of a class of federal workers and misapplied our decision in *United States* v. *Testan*, 424 U. S. 392 (1976). The result is a jurisdictional ruling which even respondent here, the United States, does not defend. The Solicitor General has informed this Court that the United States views the jurisdictional holding of the Court of Appeals as plainly wrong and asks that its decision be vacated and remanded. See Brief for United States 6–7. Because the error is plain, and because it carries the clear potential of compounding itself in the Back Pay Act jurisprudence of the Court of Appeals for the Federal Circuit, I would grant the petition and summarily reverse the judgment below.

Petitioner, a former member of the United States Secret Service Uniformed Division (USSSUD), was involved in a motorcycle accident while allegedly responding to a call for relief at 1310 L Street, N. W., in Washington, D. C., which is the headquarters of the Secret Service. As he and a fellow officer were passing through a private alley on motorcycles, an automobile exited from

an underground garage and struck petitioner's motorcycle, pinning him underneath his vehicle. Petitioner received immediate medical care, and later underwent corrective surgery for damage to his left knee. After the accident, in order to receive paid administrative leave, petitioner requested a determination that the accident occurred in the performance of his duties. Such a determination was critical to petitioner's rights under 5 U. S. C. § 6324(a), which provides: "Sick leave may not be charged to the account of a member of the Metropolitan Police force or the Fire Department of the District of Columbia, the United States Park Police force, or the Executive Protective Service force for an absence due to injury or illness resulting from the performance of duty." Pursuant to agency regulations, an investigation and subsequent review by the Administrative Review Board were conducted. The agency determined that under its regulations petitioner's injury did not occur in "the performance of duty" due to the fact that he was in violation of local traffic regulations and USSSUD regulations at the time of the accident. Petitioner was thus denied administrative leave for the period of his convalescence, and after his sick leave was exhausted, he was placed on leave without pay.

Petitioner subsequently brought this action in the United States Claims Court, seeking a determination that he was erroneously denied paid administrative leave by the agency and was thus entitled to an award of backpay for the period in question. Petitioner premised the Claims Court's jurisdiction on that portion of the Tucker Act now codified at 28 U. S. C. § 1491(a)(1), which provides generally that the United States Claims Court "shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon . . . any Act of Congress." The "Act of Congress" upon which petitioner relied was the Back Pay Act, 5 U. S. C. § 5596, which provides in pertinent part:

"(b)(1) An employee of an agency who . . . is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—
"(A) is entitled . . . [to] . . .
"(i) an amount equal to all or any part of the pay, allowances or differentials, as applicable, which the employee nor-

mally would have earned or received during the period if the personnel action had not occurred."

In essence, petitioner claimed that 5 U. S. C. § 6324(a) was an "applicable law" within the meaning of the Back Pay Act and that the allegedly erroneous denial of his request for paid administrative leave was an "unwarranted personnel action" which entitled him to an award of lost wages against the United States. The Claims Court ruled against petitioner on the merits, finding that the agency's decision that petitioner was not injured in the performance of his duties was supported by substantial evidence and not legally arbitrary or capricious. 12 Cl. Ct. 744 (1987).

On appeal, the Court of Appeals for the Federal Circuit did not reach the merits of petitioner's claims. 857 F. 2d 763 (1988). Instead that court ruled that the Claims Court lacked jurisdiction over this action. Relying on our decision in *United States* v. *Testan*, *supra*, the Court of Appeals held that "consent to suit against the United States for back pay must be 'unequivocally expressed' and . . . 5 U. S. C. § 6324 does not express such consent." 857 F. 2d, at 764. The Court of Appeals also relied on its earlier decision in *Hambsch* v. *United States*, 848 F. 2d 1228 (1988), where it stated: "[T]he parties often speak of section 6324 as if it requires that police officers be placed on administrative leave if injured in the performance of duty, yet the statute doesn't say that. It says they must *not* be placed on sick leave. This implication from a negative may indicate an intent to create liability for back pay for violation, but it is hard to say that it does so 'unequivocally.'" *Id.*, at 1231. The Court of Appeals vacated the decision below and remanded to the Claims Court with instructions to dismiss petitioner's complaint for want of jurisdiction. 857 F. 2d, at 765.

In *United States* v. *Testan*, we dealt with a claim by Government employees that they had erroneously been classified in a pay grade lower than those who did substantially identical work in the same agency. We held that neither the Classification Act, 5 U. S. C. § 5101 *et. seq.*, nor the Back Pay Act could trigger the Tucker Act jurisdiction of the former Court of Claims in the circumstances of that case. We noted that "the Back Pay Act, as its words so clearly indicate, was intended to grant a monetary cause of action only to those who were subjected to a reduction in their duly appointed emoluments or position." 424 U. S., at 407. The

plaintiffs in *Testan* were not such employees because they were not claiming a right "to receive only the salary of the position to which [they were] appointed"; rather they sought reclassification into a *new* position and pay grade. Thus *Testan* makes clear, and our subsequent cases have reaffirmed, that the Back Pay Act *itself* is an explicit consent to suit by the United States as to a claim by a federal employee that the pay or emoluments of his or her position have been wrongfully withheld in violation of an "applicable law, rule, regulation, or collective bargaining agreement." See, *e. g., United States* v. *Hopkins*, 427 U. S. 123, 128 (1976) ("The Back Pay Act is the means by which appointed employees subjected to unjustified personnel action are given a cause of action against the United States"); accord, *Bush* v. *Lucas*, 462 U. S. 367, 385, n. 25 (1983); *Bowen* v. *Massachusetts*, 487 U. S. 879, 905–906, n. 42 (1988). It follows that the Court of Appeals erred in searching for an explicit waiver of immunity from suit in § 6324; that explicit waiver is found in the Back Pay Act itself. The Court of Appeals' interpretation of *Testan* would render the Back Pay Act a nullity, for rarely if ever will an agency personnel regulation or collective bargaining agreement contain an express waiver of the sovereign immunity of the United States. The proper inquiry is simply whether the employee alleges the violation of a statute, rule, or provision of a collective bargaining agreement which has resulted in the unlawful withholding of compensation to which he or she would otherwise be entitled.

There is little doubt that the violation of 5 U. S. C. § 6324 alleged by petitioner here is exactly the type of "unwarranted personnel action" addressed by the Back Pay Act. As the Claims Court put it: "In 5 U. S. C. § 6324, Congress established a statutory right to administrative leave rather than sick leave to members of the USSSUD where an absence is due to an injury or illness resulting from the performance of duty." 12 Cl. Ct., at 749. Section 6324 appears in Subchapter 2 of Chapter 63 of Title 5 which is entitled "Other Paid Leave" and stands in contradistinction to Subchapter 1 of Chapter 63 which covers "Annual and Sick Leave." Moreover, the legislative history of § 6324, which was originally enacted in 1964, indicates that Congress intended to prohibit the taxing of sick leave against USSSUD employees injured in the performance of their duties in order to make clear their entitlement to paid administrative leave. Congress expressed concern that such

employees were often required to use annual leave or leave without pay for nonwork-related illnesses because they were obligated to expend their sick leave on job-related injuries. See H. R. Rep. No. 1220, 88th Cong., 2d Sess., 1 (1964). Indeed, the Secretary of the Treasury, who is charged with promulgating regulations implementing § 6324, understands that section to create an entitlement to administrative paid leave where it is determined that the injury occurred in the performance of the officer's duties. See USSSUD Manual, chs. 2.7.22 and 2.7.23. Further, the District of Columbia Court of Appeals, which has had occasion to interpret § 6324 as it applies to members of the District of Columbia Police and Fire Departments, likewise understands that section to require that employees injured in the performance of their duties be placed on administrative paid leave. See *Brown* v. *Jefferson*, 451 A. 2d 74, 75 (1982). The Court of Appeals' contrary interpretation of § 6324 leads to incongruous results. It imputes to Congress an intent to deny to employees injured in the performance of their duties, and only such employees, the right to take sick leave. Thus, an employee injured at home would be entitled to expend available sick leave, while an employee injured in the performance of his or her duties would be prohibited by statute from taking such leave and thus would have to expend annual leave or go on leave without pay.

In my view, the jurisdictional holding of the Court of Appeals is quite clearly wrong, and as the Solicitor General points out, this jurisdictional error will preclude review in a rather large class of cases falling within its scope. Brief for United States 7. Moreover, the Court of Appeal's misinterpretation of our decision in *Testan* threatens to do continuing damage as that court searches for explicit waivers of the sovereign immunity of the United States in agency personnel rules and collective bargaining agreements. For these reasons, I would reverse the judgment of the Court of Appeals and remand this case for further proceedings not inconsistent with the principles enunciated above. In this regard, I note that the Court of Appeals made passing reference to the possible applicability of our decision in *United States* v. *Fausto*, 484 U. S. 439 (1988), to petitioner's claims. 857 F. 2d, at 764. Because the Court of Appeals did not rest its judgment on that ground, and because the Solicitor General explicitly disclaims any reliance on *Fausto* in this Court, see Brief for United States 4, n. 6, I express no opinion on this issue.