Anthony J. **SKIRLICK**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 473–86C.

United States Claims Court.

Aug. 18, 1989.

Glenn H. Carlson, Washington, D.C., for plaintiff.

J. Keith Burt, Washington, D.C., with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, for defendant.

## OPINION

FUTEY, Judge.

Plaintiff, an air traffic controller and former member of the Professional Air Traffic Controller's Organization seeks to recover monies deducted from his paycheck by the Federal Aviation Administration from August 3, 1981 to October 22, 1981, while the union engaged in an illegal strike in which plaintiff did not participate. Plaintiff requests that this court grant certification to a class comprising those air traffic controllers who did not strike. The complaint alleges that the members of the proposed class are entitled to $529,796.00, the amount deducted from the non-striking air controller's wages during the strike, plus interest and attorney's fees. Finding that this court does not have jurisdiction to entertain plaintiff's claim, defendant's motion to dismiss is granted.

### Factual Background [1]

The Professional Air Traffic Controllers Organization (PATCO), was the officially recognized representative of all air traffic controllers employed by the Federal Aviation Administration (FAA) from the early 1970s until late 1981.

The FAA and PATCO entered into a collective bargaining agreement on December 15, 1977, which, by its terms, expired on March 15, 1981. Prior to the expiration date, PATCO and the FAA entered into negotiations for a new agreement. However, they could not resolve their differences and PATCO set a strike deadline of August 3, 1981. Not having reached an agreement by the deadline, approximately 70 percent of the nation's air traffic controllers went on strike.

On the first day of the strike President Reagan announced that those employees who did not return to work within 48 hours would lose their jobs. The Government obtained restraining orders to stop the strike and later civil and criminal contempt citations when the strikers did not comply with these orders. On August 5, 1981, the air controllers who did not show up for work by 11:00 a.m., nearly 11,000, were fired.

The FAA filed an unfair labor practice charge on August 3, 1981, against PATCO with the Federal Labor Relations Authority (FLRA). The FLRA accordingly issued a complaint seeking revocation of PATCO's certification as the air controllers' exclusive representative under the Civil Service Reform Act of 1978 (CSRA), codified at 5 U.S.C. § 7101 *et seq.* (1982), due to the strike. On October 22, 1981, finding that PATCO had violated both 5 U.S.C. § 7116(b)(7)(A) by calling and participating in the strike, and 5 U.S.C. § 7116(b)(7)(B) by condoning the strike in failing to take action to prevent or stop it, the FLRA decertified PATCO. The United States Circuit Court of Appeals for the District of Columbia upheld this decision. *Professional Air Traffic Controllers Organization v. Federal Labor Relations Authority,* 685 F.2d 547 (D.C.Cir.1982).

---

1. A more detailed background is set forth in *Professional Air Traffic Controllers Organization v. Federal Labor Relations Authority,* 685 F.2d 547 (D.C.Cir.1982).

Plaintiff, Anthony J. Skirlick, has been employed by the FAA as an air traffic controller since 1980, and is a former member of PATCO. Skirlick continued to work during the strike. Approximately $150.00 was deducted from plaintiff's salary by the FAA for union dues during the strike in accordance with Article Four of the collective bargaining agreement.[2] Under that Article, members of PATCO could request that their union dues be automatically deducted by the FAA from their paychecks and transferred to PATCO. Although the FAA continued to deduct dues from the paychecks of those employees who did not strike,[3] these dues were not transferred to PATCO in accordance with the collective bargaining agreement.

On July 31, 1986, plaintiff filed, in this court, a complaint and motion to certify a class comprising those air traffic controllers, approximately 3,500, who did not participate in the strike. The complaint alleges that the Government was obligated to transfer the funds deducted from the air controllers' paychecks for union dues to PATCO, or alternatively return the money to the air controllers from whose salaries the funds were deducted. Plaintiff alleges that the members of the class are entitled to $529,796.00, the amount deducted from the non-striking air controller's wages, plus interest and attorney's fees.

The complaint originally comprised five counts, labelled; (1) "Breach of FAA–PATCO Collective Bargaining Agreement"; (2) "Constructive Trust"; (3) "Breach of Fiduciary Duty"; (4) "Conversion,"; and (5) "Constitutional Tort." On February 25, 1987, defendant moved for partial dismissal as to counts four and five. By consent order dated September 23, 1987, count four of the complaint was dismissed. By order of June 10, 1988, this court granted defen-

dant's motion for partial summary judgment as to count five, finding that this count presented a claim under the due process clause of the Fifth Amendment which is not cognizable in the Claims Court.

On February 6, 1989, the court issued an order directing the defendant to file a brief addressing the jurisdiction of the court as to the remaining counts contained in plaintiff's complaint.[4] Defendant subsequently filed a motion to dismiss for lack of jurisdiction upon which relief can be granted pursuant to RUSCC 12(b)(1). Oral argument on defendant's motion to dismiss and plaintiff's motion for class certification was held on March 2, 1989.

## Discussion

■ In deciding a motion to dismiss for lack of subject matter jurisdiction under RUSCC 12(b)(1), the court may consider evidentiary matters outside the pleadings, *Indium Corp. of America v. Semi–Alloys, Inc.*, 781 F.2d 879, 884 (Fed.Cir.1985), *cert. denied*, 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986), and decide for itself factual issues which determine jurisdiction. *Fidelity & Deposit Co. of Maryland v. United States*, 2 Cl.Ct. 137, 145 (1983) (citing *Williamson v. Tucker*, 632 F.2d 579, 588 (5th Cir.1980)).

■ Plaintiff's complaint asserts jurisdiction in this court under 28 U.S.C. § 1491 (1982), which sets forth the Claims Court's basic jurisdiction. Section 1491(a)(1) states in relevant portion:

The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the

---

2. PATCO union dues were equal to approximately one and one-half percent of the air traffic controller's salary.

3. Paragraph twenty of plaintiff's complaint alleges that even after the decertification of PATCO some union members had dues deducted from their salaries. Skirlick does not allege that dues were deducted from his salary after PATCO's decertification.

4. The court is obligated to determine whether it has jurisdiction over pending cases regardless of whether the issue has been raised by the parties. *Hambsch v. United States*, 857 F.2d 763, 764–65 (Fed.Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1969, 104 L.Ed.2d 437 (1989).

United States, or for liquidated or unliquidated damages in cases not sounding in tort.

This statute, however, "does not create substantive rights enforceable against the United States for money damages." *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983). Thus, in order to assert jurisdiction in this court, plaintiff must base his claim upon a contract or a violation of a source of law enumerated in the Act which can fairly be interpreted as mandating the payment of compensation from the federal government. *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–07, 372 F.2d 1002, 1007–09 (1967).

Count one of the complaint alleges a breach of contract, i.e., failure to comply with the collective bargaining agreement. Plaintiff's Opposition to Defendant's Motion to Dismiss contends that jurisdiction is also proper in this court under 5 U.S.C. § 7115.

Defendant avers that the Claims Court does not have jurisdiction over the claims asserted in the complaint because; (1) plaintiff failed to pursue a remedy under the grievance procedure provided in the collective bargaining agreement; and (2) the failure of the FAA to transfer the funds deducted from the air controllers' paychecks to PATCO is an unfair labor practice over which the FLRA, not this court, has jurisdiction. Plaintiff asserts that the grievance procedure contained in the collective bargaining agreement does not apply because the agreement became unenforceable when the union was decertified, and, the air controllers should not be required to pursue a remedy under the grievance procedure because the agency refused to participate in the procedure.

Article One, Section One of the collective bargaining agreement between PATCO and the FAA expressly provides that the agreement is made under authority of the Civil Service Reform Act. Title VII of this Act "established the rules by which the Federal Government would conduct its labor management relations in all dealings with federal employees and organizations representing such employees." *Phillips v. United States,* 11 Cl.Ct. 155, 156 (1986) (citing 5 U.S.C. §§ 7101–35 (1982)).

Title 5 U.S.C. § 7121(a)(1) states in part that "any collective bargaining agreement shall provide procedures for the settlement of grievances.... [and these] procedures shall be the exclusive procedures for resolving grievances which fall within its coverage." Additionally, the "agreement may exclude any matter from the application of the grievance procedures which are provided for in the agreement."[5] 5 U.S.C. § 7121(a)(2). Article Seven, Section One of the collective bargaining agreement reads as follows:

A grievance shall be defined as any complaint:

a. by an employee concerning any matter relating to the employment of the employee;

b. by the Union concerning any matter relating to the employment of any unit employee; or

c. by a unit employee or either Party concerning:

(1) the effect or interpretation, or claim of breach of this collective bargaining agreement; or

(2) any claimed violation, misinterpretation, or misapplication of any law, rule or regulation affecting conditions of employment as provided in the Civil Service Reform Act of 1978.

This parallels the definition of a grievance as set forth in 5 U.S.C. § 7103(a)(9).

Article Four of the agreement, entitled "Dues Withholding" provides in Section One that "[p]ayroll deduction for the payment of Union dues shall be made from the pay of members in the unit who voluntarily request such dues deductions and who are bona fide members of the Union in good standing." Pursuant to this authority the FAA automatically deducted union dues

---

**5.** The agreement between PATCO and the FAA sets forth five matters not subject to the grievance procedures which are the same matters expressly excluded in 5 U.S.C. § 7121(c).

from PATCO members who had authorized such deductions in accordance with the provisions of the agreement. The FAA continued these deductions between August 3, 1981 and October 22, 1981. However, this money was not transferred to PATCO in accordance with the provisions of the agreement. Plaintiff alleges that in failing to properly transfer these monies to PATCO, the FAA breached the collective bargaining agreement and 5 U.S.C. § 7115(a). Defendant does not contest this assertion, but instead claims that the Claims Court has no jurisdiction over this action.

The breach of the dues withholding provision of the collective bargaining agreement by the FAA clearly falls within the definition of a grievance under Article Seven, Section One, Subsection (c)(1) of the agreement. The Federal Circuit has held that where a collective bargaining agreement contains a grievance procedure, that procedure is the exclusive remedy and courts may not entertain claims falling under the procedure. *Harris v. United States*, 841 F.2d 1097 (Fed.Cir.1988). Thus, plaintiff's exclusive remedy for the breach would be through the grievance procedure set forth in the agreement. Plaintiff, however, argues that the grievance procedures do not apply because the collective bargaining agreement did not survive the decertification of the union, thus there was no procedure in place to contest the FAA's actions.

The collective bargaining agreement expired on March 15, 1981. PATCO and the FAA entered into negotiations prior to expiration of the agreement, however, no settlement could be reached prior to the strike date set by PATCO. The agreement provided that "if negotiations are not completed prior to the expiration date, this agreement ... shall remain in full force and effect until a new agreement is reached." Accordingly, through October 22, 1981, when PATCO was decertified, all the provisions of the agreement remained in force.

The agreement clearly expresses a preference for arbitration rather than a judicial determination as to disputes arising during the life of the agreement. There are no indications that the parties intended to have disputes arising during the life of the agreement submitted to a judicial forum rather than be resolved through the grievance procedures. Thus the court finds that the parties did not intend to have their arbitration duties terminate with the contract. *See Nolde Bros., Inc. v. Bakery and Confectionery Workers Union*, 430 U.S. 243, 252–53, 97 S.Ct. 1067, 1072–73, 51 L.Ed.2d 300 (1977). Additionally, the FLRA has held that a grievance procedure survives non-renewal of a collective bargaining agreement. *See e.g. Department of the Air Force*, 4 FLRA 22 (1980). Furthermore, the Supreme Court has clearly stated that resort to grievance procedures contained in a collective bargaining agreement over judicial determination are favored when there is no clear intent to the contrary. *See AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

Plaintiff further argues that the grievance procedures do not apply because as a result of the union's decertification, the air controllers "had no grievance rights under the then unenforceable contract." Plaintiff's Supplemental Memorandum at 2. Article Seven, Section Eight of the agreement provides a five step grievance procedures for grievances filed by an employee. Under the agreement employees are entitled to be assisted by a union representative when proceeding under the grievance procedure, or they may proceed unassisted. However, pursuant to Article Seven, the right to proceed without a representative does not extend beyond step two of the grievance procedure nor does it include arbitration, unless the union so consents.

Step one of the Section Eight grievance procedure affords the employee 20 days from the date of the "event giving rise to the grievance" or from "the time the employee may have been reasonably expected to have learned of the event" within which to file a request for resolution under the grievance procedures. Plaintiff contends that the air controllers did not *learn* of the failure to transfer the funds until after October 22, 1981, because the deducted mo-

nies were being held in escrow, and could have been turned over to PATCO at any time. Thus the event giving rise to the grievance did not occur until after the union was decertified and plaintiff could not have been represented by the union at that time.

This is not the case. Under Section Eight of Article Four, the regional payroll office was required to issue a check for the amount of the dues deducted from the air controllers' pay not later than 10 working days after the close of each pay period. Thus, each failure of the FAA to transfer the funds to PATCO within 10 working days of the close of the pay period gave rise to a grievance.

The dates of the pay periods during the strike were; August 8, 1981; August 22, 1981; September 5, 1981; September 19, 1981; October 3, 1981; October 17, 1981. Under the agreement plaintiff was required to file a request for resolution under the grievance procedures within 20 days from the date that he may reasonably have learned that the dues were not transferred to PATCO. This would have been, at the earliest, ten working days after each pay period, i.e., the time by which the FAA was required to issue a check to PATCO. During those periods prior to the decertification of PATCO, where plaintiff could have been assisted by a union representatives with his grievance, he should have pursued a remedy under the procedure. By not engaging in the procedure in those instances Skirlick failed to pursue his exclusive remedy under the collective bargaining agreement, and cannot now bring suit in this court.

Plaintiff raises the issue as to whether he should be required to have engaged in the grievance procedure after PATCO was decertified and could no longer represent the air controllers. The court, however, need not decide this issue because, as discussed *infra* at 740–41, even if this claim was not barred by plaintiff's failure to seek a remedy under the grievance procedure, Skirlick's cause of action would represent an unfair labor practice and jurisdiction

over such a claim would lie with the FLRA, not this court.

Plaintiff further asserts that he should not be required to proceed through the grievance procedures at all since this would have been futile. At the discretion of the court a plaintiff may be allowed to present a claim without first exhausting administrative remedies where such a requirement would be "obviously useless." *Bendure v. United States,* 213 Ct.Cl. 633, 641, 554 F.2d 427, 431 (1977) (citations omitted). In the present case counsel for plaintiff stated at oral argument that other PATCO members had attempted to seek a remedy under the grievance procedure and had been denied access. Except as to this bald assertion, however, the record is void of evidence as to these allegations. The court is unconvinced that if plaintiff had pursued a remedy under the grievance procedure it would have been *obviously useless.* Consequently, plaintiff cannot be relieved of his obligation to exhaust his remedies under the grievance procedure. *See Harris v. United States,* 841 F.2d 1097.

Additionally, 5 U.S.C. § 7116(a) provides that "it shall be an unfair labor practice for an agency—(1) to interfere with, restrain, or coerce any employee in the exercise by the employee of any right under this chapter...." Thus a failure to consider a grievance, as alleged by plaintiff, is an unfair labor practice, and pursuant to 5 U.S.C. § 7118 the FLRA has exclusive jurisdiction to entertain such allegations. Accordingly, if the FAA failed to consider a grievance, plaintiff's remedy for such action would not lie in this court.

Title 5 U.S.C. § 7115(a), upon which plaintiff asserts jurisdiction in the Claims Court, declares that an agency shall honor a written assignment authorizing the agency to deduct dues from the employees pay. In not transferring the deducted monies to PATCO, the FAA did not comply with this provision. Pursuant to 5 U.S.C. § 7116(a)(8) failure to comply with a provision of the Civil Service Reform Act is an unfair labor practice. Under 5 U.S.C. § 7118 exclusive jurisdiction to adjudicate an unfair labor practice lies with the

FLRA. Therefore, even if plaintiff was not required to engage in the grievance procedure, this court would not have jurisdiction over the present claim since failure to comply with 5 U.S.C. § 7115(a) is an unfair labor practice.

The remedies provided by the Civil Service Reform Act are exclusive, thus this court may not exercise jurisdiction over claims which fall within the Act's purview. *Karahalios v. National Federation of Federal Employees,* — U.S. —, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989); *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). Therefore, although this court might otherwise have jurisdiction over plaintiff's claim, such jurisdiction is preempted by the Act.[6]

### Conclusion

As discussed above, plaintiff's complaint does not state a basis upon which this court can assert jurisdiction. Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction under RUSCC 12(b)(1) is hereby granted as to counts one, two and three of plaintiff's complaint. Plaintiff's motion for class certification is therefore moot. The Clerk is directed to dismiss the complaint. No costs.

---

6. Footnote one of defendant's motion to dismiss states that "[a] substantial question exists regarding whether plaintiff, as opposed to PATCO may sue to recover the union dues...." Finding that jurisdiction is lacking for the reasons stated above, it is unnecessary for the court to address this issue.