976 F.2d 747
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rubellite Kinney JOHNSON, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5058.
 United States Court of Appeals, Federal Circuit.
 Aug. 10, 1992.
 
 Before NIES, Chief Judge, RICH, Circuit Judge, and MILLS, District Judge.*
 DECISION
 PER CURIAM.
 
 
 1
 Rubellite Kinney Johnson appeals from the November 25, 1991 judgment of the United States Claims Court, No. 91-1627L, dismissing Johnson's complaint for want of subject matter jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Johnson contends that the United States wrongfully deprived her of property to which she claims entitlement as a descendant of King Kamehameha IV of the Kingdom of Hawaii. The Claims Court (Nettesheim, J.) dismissed Johnson's complaint for lack of subject matter jurisdiction on the grounds that (1) Johnson's quiet title claim is outside the Claims Court's jurisdiction, and (2) her Fifth Amendment taking claim accrued more than six years (the applicable limitations period) before commencing suit. For these reasons, as explicated in the Claims Court's November 22, 1991 Order directing dismissal, we agree that the Claims Court lacked subject matter jurisdiction. Accordingly, we adopt the Order, reproduced below, as our opinion in this appeal. We decline to consider Johnson's latest argument, that the United States has engaged in a " 'continuing trespass' ... upon Appellant's properties," as improperly raised for the first time on appeal.
 
 APPENDIX
 
 3
 Adopted opinion of the United States Claims Court:
 
 ORDER
 
 4
 Plaintiff's complaint was filed on November 21, 1991. It is the court's obligation to assure itself that it has jurisdiction over a complaint before addressing the merits. Hambsch v. United States, 857 F.2d 763, 765 (Fed.Cir.1988), cert. denied, 490 U.S. 1054 (1989). Pro se plaintiffs are not expected to frame issues with the precision of a common law pleading. Roche v. USPS, 828 F.2d 1555, 1558 (Fed.Cir.1987). Accordingly, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in the Claims Court.
 
 
 5
 Plaintiff bases jurisdiction on the Tucker Act, 28 U.S.C. § 1491 (1988). It is well established that the United States, as sovereign, "is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941) (citation omitted). "[E]xcept as Congress has consented there is no jurisdiction in the [Claims Court] more than in any other court to entertain suits against the United States...." Id. at 588.
 
 
 6
 Plaintiff complains that private property of her ancestor King Kamehameha IV was wrongfully appropriated pursuant to judicial decree of the Supreme Court of Hawaii in 1864 and that the legislature in 1865 rendered the estate inalienable referring to it as the "Crown Lands of Hawaii." Revenues of the Crown Lands were appropriated by the Provisional Government after 1893. Plaintiff further alleges that in 1894 the Crown Lands were illegally conveyed by the Republic of Hawaii into public domain. According to plaintiff, the Crown Lands eventually were conveyed to the United States under the Treaty of Annexation of 1898 without ascertaining the rights of heirs or successors to the estate of King Kamehameha IV. The United States Court of Claims held in Liliuokalani v. United States, 45 Ct.Cl. 418 (1910), that the Crown Lands belonged to the office of the king and not the individual and that upon the annexation of Hawaii they passed to the United States as part of the public domain. In 1959 the United States conveyed the Crown Lands to the State of Hawaii, reserving some federal territory.
 
 
 7
 Plaintiff claims that all conveyances by the United States without first quieting the existing title have been illegal, since the heirs and successors to the Kamehameha estate have not received compensation for their interests. Plaintiff asks that the surviving heirs and successors to the estate be awarded title to the Crown Lands at the time of King Kamehameha IV's death, that the title granted by the United States to the State of Hawaii in 1959 be rescinded, for a declaration that revenues and lands from former Crown Lands be determined to be the sole and exclusive property of the living heirs and successors of King Kamehameha IV, and for other relief.
 
 
 8
 Plaintiff's complaint can be construed broadly as asking for a declaration of property rights. The Claims Court's jurisdictional statute, the Tucker Act, 28 U.S.C. § 1491(a)(3), restricts the court's jurisdiction to issue declaratory relief to those actions brought by disappointed bidders seeking to enjoin the award of contracts. Plaintiff's complaint also can be read broadly as a claim for compensation under the fifth amendment of the U.S. Constitution based on a taking of private property for public use without just compensation. Although 28 U.S.C. § 1491(a)(1) gives jurisdiction over such actions, the applicable statute of limitations is six years pursuant to 28 U.S.C. § 2501. Jurisdiction is foreclosed if the actions of which plaintiff complains took place more than six years before suit was filed. Hart v. United States, 910 F.2d 815 (Fed.Cir.1990).
 
 
 9
 To the extent that plaintiff's complaint states a cause of action against the United States, as opposed to prior governments of Hawaii before it became a State of the United States, plaintiff admits that the United States Government acquired dominion over Hawaii in 1898. The United States exercised dominion over the Crown Lands, according to the complaint, by conveying them to the State of Hawaii in 1959, reserving some federal territory. The statute of limitations has long expired on the more recent of these events. Plaintiff pleads no facts that would toll the statute of limitations. See Japanese War Notes Claimants Ass'n v. United States, 389 U.S. 971 (1968). Indeed, the gravamen of plaintiff's complaint relating to actions since 1959 concerns the State of Hawaii. Based on the foregoing,
 
 IT IS ORDERED, as follows:
 
 10
 The Clerk of the Court shall dismiss the complaint for want of subject matter jurisdiction.
 
 
 11
 /s/ Christine Cook Nettesheim
 
 
 12
 /s/ Judge
 
 
 
 *
 The Honorable Richard Mills, United States District Court for the Central District of Illinois, sitting by designation