**BAYSHIP MANAGEMENT, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 99–184C.

United States Court of Federal Claims.

April 16, 1999.

Lars E. Anderson, McLean, Virginia, attorney of record for plaintiff. Venable, Baetjer and Howard, LLP; Wm. Craig Dubishar and Paul N. Wengert, of counsel.

Michael F. Kiely, Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General David W. Ogden, for defendant. David M. Cohen, Director, Anthony H. Anikeeff, Assistant Director, J. Patrick Wiese, Chief, Janis P. Rodriguez, Trial Attorney, and W. Michael Rose, Trial Attorney, United States Maritime Administration, of counsel.

### *OPINION and ORDER*

FUTEY, Judge.

This pre-award bid protest action was filed with the court on March 30, 1999, challenging numerous portions of a solicitation for ship management services. During a telephonic conference held with the parties the following day, the court, *sua sponte,* raised jurisdictional concerns regarding the exclusive jurisdiction of the district courts over maritime contracts. After allowing the parties an opportunity to brief this issue, the court finds it is without jurisdiction to hear this action.

### *Factual Background*

On August 1, 1997, the United States Maritime Administration (defendant) issued Solicitation No. DTMA91–97–R–00002 (solicitation) for ship management services. Specifically, the solicitation sought to award 39 contracts "for the continued maintenance, operation and management of 89 vessels comprising the Ready Reserve Fleet owned by [defendant]."[1] Through the solicitation and numerous amendments to it, defendant

---

1. Complaint at ¶ 5.

contemplated the award of these contracts in groups of two or three ships, with no contractor receiving contracts for the management of more than 12 ships.[2]

On June 12, 1998, defendant announced its intention to award the 39 contracts. Plaintiff was not included among the contractors identified by defendant as intended awardees. Thus, plaintiff, in addition to seven other unsuccessful offerors, filed protests with the General Accounting Office (GAO).[3] During the pendency of these protests before the GAO, defendant determined that an error had occurred in the selection process and assured the GAO that it would formulate and implement corrective measures that would address this error. In this regard, defendant assured the GAO it:

> intend[ed] to rescind all contract awards resulting from the [solicitation], provide all offerors with information provided during debriefings, reopen discussions with all offerors in the competitive range, amend the solicitation to resolve various matters challenged by the protestors, allow submission of revised technical and price proposals, reevaluate and conduct discussions, as necessary, request and evaluate best and final offers, and make awards based on a best value determination.

*All Marine Servs. Ltd.*, B–278276.2, July 2, 1998 (unpublished). Based upon the representations made by defendant, the GAO dismissed the protests.[4]

Defendant proceeded with the course of action it outlined before the GAO. Nevertheless, on March 8, 1999, plaintiff filed another protest with the GAO, challenging various aspects of the amended solicitation and defendant's conduct during the procurement process. The GAO questioned plaintiff's timeliness in filing its protest, and subsequently, plaintiff withdrew the protest. Plaintiff then filed suit in this court.

2. These groups were separated on the bases of: (1) class or type; (2) propulsion system; cargo capacity and handling systems; (4) mission; and (5) geographic location. *Id.* at ¶ 7.

3. These protests were docketed as B–278276.2 through B–278276.10.

*Discussion*

■ A court is required to determine its own jurisdiction, *sua sponte*, whenever it appears it may be lacking. *Hambsch v. United States*, 857 F.2d 763, 764 (Fed.Cir.1988), *cert. denied*, 490 U.S. 1054, 109 S.Ct. 1969, 104 L.Ed.2d 437 (1989); *see also Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed.Cir.1988). "Indeed, a trial court is obligated 'to notice on its own motion the want of its own jurisdiction.'" *Nickerson v. United States*, 35 Fed.Cl. 581, 585 (1996) (quoting *Carter v. United States*, 15 Cl.Ct. 753, 756 (1988)), *aff'd*, 113 F.3d 1255 (Fed.Cir.1997); *see also Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 686 (Fed.Cir.1992) ("'[j]urisdiction' is a term that is one of the most slippery in the legal lexicon").

Congress maintains the authority to define the jurisdiction of the lower federal courts. *Finley v. United States*, 490 U.S. 545, 548, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). "The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). This court's jurisdiction arises only from clear statutory entitlement. *See United States v. Sherwood*, 312 U.S. 584, 586–88, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

■ Pursuant to the Tucker Act, this court maintains concurrent jurisdiction with the district courts to consider pre-award and post-award bid protests actions. *See* 28 U.S.C.A. § 1491(b)(1) (West Supp.1998). "Maritime contracts[, however,] are a major exception to this Court's Tucker Act jurisdiction." *Phipps v. United States*, 21 Cl.Ct. 729, 731 (1990). "Jurisdiction over matters arising in admiralty, including maritime contracts, has traditionally been with the federal district courts." *Southwest Marine of San Francisco, Inc. v. United States*, 896 F.2d 532, 534 (Fed.Cir.1990).

4. Defendant's decision to rescind the contract awards was protested by four intended awardees. The General Accounting Office denied these protests. *Patriot Contract Servs., LLC,* B–278276.11, 98–2 CPD ¶ 77 (1998).

The Suits in Admiralty Act provides that a proceeding in admiralty involving the United States must be brought in the district court. *See* 46 U.S.C.A. §§ 742, 782 (West Supp. 1998); *see also Dalton v. Southwest Marine, Inc.,* 120 F.3d 1249, 1251 (Fed.Cir.1997). The parties do not seriously contend that the contracts which will form the basis of this action are not maritime contracts.[5] Therefore, plaintiff should have filed the instant complaint in the district court.[6] *See Chin v. United States,* 890 F.2d 1143, 1146 (Fed.Cir. 1989) (in specifying suit in the district court, "Congress could be said to intend to preclude suit in the [United States Court of Federal Claims]").

### Conclusion

This court concludes it lacks subject matter jurisdiction over this maritime pre-award bid protest action. The Clerk is directed to transfer this case, pursuant to 28 U.S.C. § 1631 (1994), to the United States District Court for the District of Columbia. No costs.

---

**5.** *See* Plaintiff's Memorandum of Points and Authorities in Opposition to Transfer, at 2 ("[i]t is acknowledged that many claims which may *arise during performance* of these contracts would be maritime in nature"); *see also* Defendant's Memorandum of Law in Support of the Court's Subject Matter Jurisdiction (Def.['s] Mem.), at 9–10 ("the Court has jurisdiction to decide this bid protest, notwithstanding the fact that the contracts that will result from the solicitation process will be maritime contracts").

The parties also assert that, because this action relates to the implied-in-fact contract to treat offerors fairly and honestly, *see Keco Indus., Inc. v. United States,* 203 Ct.Cl. 566, 492 F.2d 1200, 1203 (1974), which is preliminary to the resulting maritime contracts, this action is properly before this court. This assertion, however, does not change the nature of the underlying contracts, which are maritime.

**6.** The parties additionally argue that, because similar bid protests have been resolved by this court in the past, the resolution of those cases supports the assertion that jurisdiction is present here. *See* Def.['s] Mem. at 6 ("the exercise of jurisdiction by the Court over bid protests involving such solicitations for the award of maritime contracts is consistent with the previous practice of the Court"). The cases cited by the parties, however, either did not involve maritime contracts, or did not address the jurisdictional quandary resolved in the case at bar.