**In re Terri L. STEFFEN, Debtors.**

**No. 8:01–bk–09988–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 3, 2009.

See also 2009 WL 3669736.

Edward J. Peterson, III, Harley E. Riedel, Stichter, Riedel, Blain & Prosser, PA,

Herbert R. Donica, Donica Law Firm PA, Tampa, FL, for Debtors.

### ORDER ON MOTION TO VACATE ORDER ON DEBTOR'S SECTION 1341 REFUND CLAIM (Doc. No. 702)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

**THE MATTER** under consideration in this Chapter 7 case of Terri L. Steffen (the Debtor) is a Motion to Vacate Order on Debtor's Section 1341 Refund Claim (Doc. No. 702), filed by the Debtor on December 7, 2008. The Debtor requests that, pursuant to Fed.R.Bankr.P. 9024 and Fed. R.Civ.P. 60(b)(4), this Court vacate its Order on Debtor's Section 1341 Refund Claim (Doc. 395), entered on November 31, 2005. Because the claim involved in this matter has a confusing and procedurally improper beginning, a review of the events leading up to the appeal, which was ultimately heard by the Eleventh Circuit Court of Appeals, would be helpful.

The Debtor filed her Voluntary Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code on May 29, 2001. On October 4, 2001, the Department of the Treasury–Internal Revenue Service (the Government) filed its Proof of Claim No. 3, totaling $5,856,992.75. The Government's claim was filed as an unsecured general claim in the amount of $1,323,058.55 and an unsecured priority claim pursuant to Section 507(a)(8) of the Bankruptcy Code in the amount of $4,533,934.20. The attachment to the Proof of Claim contended that the unsecured priority claim allowed under Section 507(a)(8) of the Bankruptcy Code was based on the Debtor's income tax liability due in the amount of $2,184,641.00, plus interest due to the Petition date in the amount of $2,349,293.20. In addition to the foregoing, the Government's claim also asserted an unsecured general claim for the tax period ending December 31, 1985. On April 15, 1991, the Government assessed the Debtor taxes due in the amount of $59,392.00, plus interest due to the Petition Date in the amount of $218,396.60. In addition to the assessed taxes and interest, the Government also claimed as an unsecured general claim, the penalties owed by the Debtor in the amount of $1,028,646.39 on the unsecured priority claim, and $16,623.56 on the unsecured general claim. Thus, the Proof of Claim No. 3 filed by the Government claimed unsecured general claims totaling $1,323,058.55.

As indicated above, the Government on April 15, 1991, determined that the Debtor owed taxes on income for the tax period ending December 31, 1985. The Government's claim is devoid of any indication that the claim was filed as a secured claim. Furthermore, attached to the Government's claim is a document entitled "Proof of Claim for Internal Revenue Taxes, Form 10 Attachment," which includes the statement that "THIS CLAIM IS SECURED BY ANY CLAIMS DEBTOR MAY HAVE AGAINST THE U.S."

On February 6, 2002, the Debtor filed her Objection to Claim filed by the Internal Revenue Service (Doc. No. 40). On April 17, 2002, the Government filed its amended Proof of Claim, Claim No. 6. As with Claim No. 3, the Government's unsecured priority claim pursuant to Section 507(a)(8) totaled $4,533,934.20. However, the Government based on its April 15, 1991, assessment determined that the Debtor actually owed the sum of $125,555.25 for the tax period ending on December 31, 1985, plus interest to the Petition date in the amount of $168,585.27. In addition to the increased assessed tax, the Government also claimed an unsecured priority claim in the amount of $1,028,646.30. Thus, Claim No. 6 filed by the Government claimed unsecured gener-

al claims totaling $1,322,786.91. It should be noted that Claim No. 6 also included the attachment entitled "Proof of Claim for Internal Revenue Taxes, Form 10 Attachment," which includes the statement that "THIS CLAIM IS SECURED BY ANY CLAIMS DEBTOR MAY HAVE AGAINST THE U.S."

Surprisingly, even though the Government didn't file a secured claim, the Debtor on March 24, 2004, filed a Motion pursuant to Section 506 of the Bankruptcy Code and sought to determine the secured status of the Government's claim and to estimate claim. (Doc. No. 246). On April 20, 2004, the Government filed its Response by United States to Debtor's Motion to Determine Secured Status. (Doc. No. 269). In response, the Government stated that "[t]he United States has not filed a secured claim in any amount. Because none of the tax liabilities were assessed on the petition date, no tax lien exists in favor of the United States. 26 U.S.C. §§ 6621 and 6622."

On April 18, 2003, this Court in its Findings of Fact, Conclusions of Law and Memorandum Opinion (Doc. No. 162) noted that

"This Objection was originally an objection to Claim No. 3, and by Order of this Court (Doc. No. 80), the Objection stood over to the amended claim of the Government, Claim No. 6. On March 14, 2002, the Debtor filed 'Pretrial Memorandum for Preliminary Hearing' (Doc. No. 54), which outlined eleven additional specific objections to Claim No. 6, which the parties agreed would be treated as an 'amended objection.' " (Doc. No. 162, p. 22)

Notwithstanding that the Government did not assert a secured claim, the Government filed a Motion for Summary Judgment on Debtor's Section 1341 Refund Claim on August 28, 2004. (Doc. No. 310).

On October 4, 2004, this Court held a hearing to consider the following matters:

1. Debtor's Motion to Determine Secured Status of a Claim and Estimate Claim (Doc. No. 246).

2. Motion by United States for Summary Judgment on the Debtor's Section 1341 Refund Claim (Doc. No. 310).

3. Debtor's Motion for Partial Summary Judgment on the Tax Refund Claim (Doc. 311).

This Court considered the initial threshold issue whether it had subject matter jurisdiction to determine the existence of a refund in any amount, thereby considering whether the Debtor was entitled to a claim for a refund pursuant to Section 1341 of the Internal Revenue Code. At the conclusion of the hearing, this Court directed the parties to file a memorandum of law in support of their respective positions. On November 22, 2004, this Court entered its Order denying the Motion for Summary Judgment filed by the Government pertaining to subject matter jurisdiction of this Court. The Court held that the Debtor properly requested the refund and had complied with 11 U.S.C. § 505(a)(2)(B)(i). The Court deferred ruling on the ultimate issue of the Debtor's Motion for Summary Judgment, which was the Debtor's right to the refund. (Doc. No. 331).

On October 31, 2005, this Court entered its Order on Debtor's Section 1341 Refund Claim (Doc. No. 395). In its Order, this Court ruled that, by virtue of 11 U.S.C. § 505(a)(2)(B)(i), this Court had jurisdiction to rule on the Debtor's eligibility to claim a tax refund under 26 U.S.C. § 1341. This Court further ruled that the Debtor's claim for refund under Section 1341 of the Internal Revenue Code was without merit and, therefore, was denied. On November 10, 2005, the Debtor filed her Motion to

Reconsider Order on Debtor's Section 1341 Refund Claim. (Doc. No. 399). On November 16, 2005, the Court, after considering the Motion together with the record, found the Motion to be without merit and, therefore, denied the Debtor's Motion for Reconsideration of this Court's Order on the Debtor's Section 1341 Refund Claim. (Doc. No. 400).

In due course, on November 23, 2005, the Debtor filed its Notice of Appeal to the United States District Court. (Doc. No. 402). On July 3, 2006, the District Court affirmed this Court's decision and concluded that the "bankruptcy court did not err finding that Steffen had the burden of proof" that she was entitled to a Section 1341 refund. (Doc. No. 420). The Debtor filed her Notice of Appeal to the Eleventh Circuit Court of Appeals challenging the District Court's decision on the Refund Claim (Case No. 06–14203, District Court Doc. Nos. 06–00029–CV–T–24–TGW, 01–09988–BK–ALP).

On September 30, 2008, the Eleventh Circuit Court of Appeals entered its order which held that, "the bankruptcy court was without jurisdiction to grant the refund Steffen requested and thus the district court did not, and this court does not, have jurisdiction to consider the refund Steffen sought." It should be noted at this point that even though this Court in its Order on Debtor's Section 1341 Refund Claim entered on October 31, 2005, (Doc. No. 395), ruled that it had jurisdiction, it did not grant the relief sought by the Debtor. Furthermore, this Court never held that the Debtor was entitled to a refund and, of course, never ordered the Government to pay the claimed refund to the Debtor.

■ At first blush, it appears from the foregoing that it would be inappropriate for this Court to enter any order on a refund claim because the issue was resolved by the Eleventh Circuit which concluded that this Court did not have subject matter jurisdiction. However, the present Motion under consideration is Debtor's Motion to Vacate Order on the Debtor's Section 1341 Refund Claim. (Doc. No. 702). This Court is satisfied that the Motion should be granted based on the well established legal principle that when a Federal Court enters an order that it was without subject matter jurisdiction to enter, the Court must vacate that order. *See Union Planters Bank Nat'l Ass'n v. Salih,* 369 F.3d 457, 463 (5th Cir.2004); *Abraham v. Norcal Waste Systems, Inc.,* 265 F.3d 811 (9th Cir.2001); *Franceskin v. Credit Suisse,* 214 F.3d 253 (2d Cir.2000); *Schacht v. Wisconsin Dept. of Corrections,* 116 F.3d 1151 (7th Cir.1997); *Herr v. Heiman,* 75 F.3d 1509 (10th Cir.1996); *Lyon v. Whisman,* 45 F.3d 758 (3d Cir.1995); *Nielsen v. United States,* 17 F.3d 395 (9th Cir.1994); *Chivas Products Ltd. v. Owen,* 864 F.2d 1280 (6th Cir.1998); *Hambsch v. United States,* 848 F.2d 1228 (Fed.Cir. 1988).

■ The Debtor's Motion is based on Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b)(4), which provide that the Court may relieve a party from an order or a final judgment that is void. This Court needs no eloquent discussion to conclude that a judgment is void "under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter." *Oakes v. Horizon Financial, S.A.,* 259 F.3d 1315, 1318–19 (11th Cir.2001). The Government opposes the Debtor's Motion to Vacate but presented no persuasive argument against the proposition urged by the Debtor, and injected matters which are not relevant to the current motion under consideration. To further complicate the matter, the Debtor also injected irrelevant matters as to the proper handling of the claim by the Chapter 7 Trustee.

Based on the foregoing, it is clear from the decision of the Eleventh Circuit Court of Appeals that this Court lacked jurisdiction to consider any matter concerning the Debtor's refund claim and the Order entered on that matter should be vacated.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Vacate Order on Debtor's Section 1341 Refund Claim (Doc. No. 702) be, and the same, is hereby granted. It is further

ORDERED, ADJUDGED AND DECREED that the Order on Debtor's Section 1341 Refund Claim (Doc. 395) be, and the same, is hereby vacated.