Anthony R. HAMBSCH, III,
Plaintiff-Appellant,

v.

UNITED STATES, Defendant–Appellee.

Appeal No. 87–1517.

United States Court of Appeals,
Federal Circuit.

Sept. 14, 1988.

Brian W. Shaughnessy, Shaughnessy, Borowski & Gagner, Washington, D.C., argued for plaintiff-appellant. With him on the brief was Philip A. Gagner.

Stephen J. McHale, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for defendant-appellee. Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan, Asst. Director and Hillary A. Stern, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., were on the brief for defendant-appellee.

Before MARKEY, Chief Judge,
NICHOLS, Senior Circuit Judge, and
NIES, Circuit Judge.

NIES, Circuit Judge.

Anthony R. Hambsch, III, appeals the decision of the United States Claims Court, *Hambsch v. United States*, 12 Cl.Ct. 744 (1987), which denied his motion for summary judgment, granted the United States government's cross-motion for summary judgment, and dismissed his complaint. That dismissal sustained the Department of Treasury's decision denying Hambsch's claim that he was entitled to paid administrative leave for the period from December 12, 1983, to July 9, 1984. We hold that the Claims Court lacked subject matter jurisdiction and, accordingly, we vacate the Claims Court judgment and remand with directions to dismiss the complaint.

I

Hambsch was a member of the Department of Treasury's Secret Service Uniformed Division (UD) Foreign Missions Branch until July 1984 when the agency removed him. The Merit Systems Protection Board affirmed the agency's decision to remove Hambsch, and this court affirmed the board's decision in *Hambsch v. Department of Treasury*, 796 F.2d 430 (Fed.Cir.1986) (*Hambsch I*). While a member and on duty November 21, 1983, Hambsch was involved in a motorcycle accident. Injuries from the accident rendered Hambsch unable to work. After using up his accrued sick leave, the agency placed him on unpaid leave.[1]

---

1. The details and evidence concerning the accident are set out in the reported Claims Court opinion and it is not necessary to repeat them here in view of the nature of the issues presented in the appeal.

Hambsch contends that under 5 U.S.C. § 6324 (1982) he was entitled to be placed on paid administrative sick leave.[2] Recognizing that a prerequisite to his receipt of administrative leave was a determination that the accident occurred in "the performance of duty," Hambsch sought such a determination by the agency.

After investigation, however, the agency ruled that the accident did not occur in the performance of duty. The agency applied the UD Manual,[3] which provides the procedural regulations for "performance of duty" determinations, as required by section 6324(b)(3). Finding that Hambsch had not operated his motorcycle within operational guidelines at the time of the accident, because he was violating traffic regulations and UD policy, the agency rejected Hambsch's request for administrative leave.

Hambsch appealed that ruling to the Claims Court, which accepted jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1982), on the basis of section 6324. Having accepted jurisdiction, however, the Claims Court dismissed Hambsch's complaint on its merits.

One month after this court heard oral argument in the present appeal (*Hambsch II*), another panel of the court heard arguments in Hambsch's third appeal to the court. In that appeal, also from the Claims Court, Hambsch challenged a similar refusal to grant administrative leave despite his allegations of psychiatric disability caused by agency investigations and surveillance of Hambsch. The court in that third appeal invited the parties to submit supplemental briefs addressing a possible jurisdictional question under *United States v. Fausto*, —— U.S. ——, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). Although both parties disclaimed any jurisdictional problem in those briefs, the court held that the Claims Court lacked subject matter jurisdiction under the holding of *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976), to the effect that consent to suit against the United States for back pay must be "unequivocally expressed" and that 5 U.S.C. § 6324 does not express such consent. *Anthony R. Hambsch, III v. The United States*, 848 F.2d 1228, 1230, 1232 (Fed.Cir.1988) (*Hambsch III*). Accordingly, the court vacated the Claims Court's judgment and remanded with directions to dismiss the complaint.

II

No question of the Claims Court's subject matter jurisdiction has been raised in this case, either by the parties or the Claims Court. Nevertheless, we must determine jurisdiction for ourselves and, accordingly, raise the issue *sua sponte*. As the Supreme Court has stated:

Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. For that reason, every federal appellate court has a special obligation to "satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under

---

**2.** The pertinent provisions of section 6324 provide:

(a) Sick leave may not be charged to the account of a member of ... the Executive Protective Service force for an absence due to injury or illness resulting from the performance of duty.

(b) The determination of whether an injury or illness resulted from the performance of duty shall be made under regulations prescribed by—

....

(3) The Secretary of the Treasury for the Executive Protective Service force.

We note that the name Executive Protective Service has been changed to United States Secret Service Uniformed Division under Pub.L. No. 95–179, 91 Stat. 1371 (1977). *See also* 3 U.S.C. § 202 note (1982).

**3.** The pertinent portion of the Manual states:
2.7.22 *Administrative Sick Leave Determination.*

The Adjudicating Official shall review, in it's [sic] entirety, each member's request for performance of duty injury and/or illness. The review will take into consideration whether the incident involved carelessness, negligence, poor judgment, and/or whether the member was performing within established operational guidelines.

review," even though the parties are prepared to concede it.

*Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (citations omitted). *See also* 13 C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3522 at 69–70 (2d ed. 1984) ("Moreover, even if the parties remain silent, it is well settled that a federal court, whether trial or appellate, is obliged to notice on its own motion the want of its own jurisdiction, or the lower court's lack of subject matter jurisdiction when a case is on appeal.") (citing numerous Supreme Court cases).

Having raised the issue, we note that this appeal raises a jurisdictional issue resolved in, and presents a fact pattern substantially the same as that in *Hambsch III*. In both *Hambsch III* and the present appeal, Hambsch asserted entitlement to paid administrative sick leave while he was disabled, allegedly, by injuries incurred while performing his duties. He claimed that, under section 6324, he was entitled to be paid during his absence. Consequently, we adopt the analysis provided by this court in *Hambsch III* and the conclusion reached therein that the Claims Court was without subject matter jurisdiction over Hambsch's appeal, because 5 U.S.C. § 6324 does not "unequivocally express" a consent to suit against the government on the money claim here asserted.

### III

When a court is without jurisdiction to hear a case, it is correspondingly without authority to decide the merits of that case. *See, e.g., Christianson v. Colt Indus. Operating Corp.*, —— U.S. ——, ——–——, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988); 5 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 1393 at 866 (1969) (absent jurisdiction a federal court not only will, but must, refuse to proceed to determine the merits of the controversy); *cf. Bender*, 475 U.S. at 549, 106 S.Ct. at 1335. Accordingly, the judgment of the Claims Court is vacated, and the case is remanded with instructions to dismiss the complaint for want of jurisdiction.

VACATED AND REMANDED.