Mary **LIVENGOOD**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 00–277 C.

United States Court of Federal Claims.

May 15, 2001.

Mary Livengood, Paducah, KY, plaintiff pro se.

J. Reid Prouty, Washington, DC, with whom were Assistant Attorney General David W. Ogden, Director David M. Cohen, Assistant Director Donald E. Kinner, and of counsel Jennifer L. Grimm, Major, U.S. Air Force, for defendant.

## ORDER

TIDWELL, Senior Judge.

Plaintiff Mary Livengood ("plaintiff") filed this action appealing the Air Force Board for Correction of Military Records' ("board") decision, denying her claim that she is the proper beneficiary to her ex-husband Basil Livengood's Survivor Benefit Plan.

Defendant, the United States ("government"), on behalf of the board, responded by filing a "Motion to Partially Dismiss and for Judgment on the Administrative Record" ("Motion"). In the Motion, defendant asserts that pursuant to the Rules of the United States Court of Federal Claims ("RCFC") Rule 12(b)(1), the court lacks subject matter jurisdiction over plaintiff's claim, and defendant additionally moves the court to dismiss plaintiff's suit based upon the findings in the Administrative Record pursuant to RCFC 56.1(b)(1).

For the reasons set forth below, the court denies the defendant's motion. Pursuant to RCFC 60.1(a)(1), the court remands the case back to the board for reconsideration, with instructions.

## BACKGROUND

Basil Livengood ("Mr.Livengood") was a retired member of the United States Air Force. At the time he retired, Mr. Livengood was enrolled in the United States Military's Survivor Benefit Plan ("SBP"), which provides a mechanism for members to receive certain benefits after they retire from the service.

After his marriage to Mary Morse (n.k.a. Mary Livengood), Mr. Livengood informed the Defense Finance and Accounting Service center in Denver, Colorado ("DFAS–DE") of the marriage, and DFAS–DE listed plaintiff as his SBP beneficiary, as of May 1987.

Plaintiff and Mr. Livengood permanently separated on December 16, 1991. On June 11, 1992, the McCracken Circuit Court in Paducah, Kentucky issued a divorce decree terminating their marriage. On June 22, 1992, the court issued an amendment to the June 11, 1992 divorce decree ordering Mr. Livengood to keep plaintiff as his SBP beneficiary.

Plaintiff alleges that on July 27, 1992, she sent, via certified mail, a copy of this court order and a letter requesting that DFAS–DE retain plaintiff as Mr. Livengood's SBP beneficiary. Defendant now denies that plaintiff made this request, and asserts that plaintiff's communication on July 27, 1992 related to another matter.

Mr. Livengood died on January 11, 1996. Subsequently, plaintiff contacted DFAS–DE, and they informed her that she was not listed as Mr. Livengood's SBP beneficiary and, therefore, determined that she was ineligible to collect SBP benefits.

Plaintiff contacted the Headquarters Air Force Personnel Center at Randolph Air Force Base, Texas, on March 20, 1996, asking that the Air Force correct Mr. Livengood's military record to identify plaintiff as his SBP beneficiary. The board denied plaintiff's request, on June 11, 1997, finding no evidence that plaintiff requested beneficiary status under her ex-husband's SBP coverage. Ms. Livengood then filed the present action on May 16, 2000.

## DISCUSSION

Defendant raises two issues in the instant Motion. First, defendant claims that the United States Court of Federal Claims lacks subject matter jurisdiction over plaintiff's claim. The government argues that plaintiff's complaint is a negligence claim, which must be dismissed because this court lacks authority to hear tort claims. Second, defendant asserts that the court should dismiss

plaintiff's claim based upon the facts as they were laid out in the Administrative Record.

## I. Jurisdiction Claim

The court first analyzes defendant's jurisdictional assertion because if the court lacks subject matter jurisdiction, then the court is without authority to decide the merits of this case. *See* Hambsch v. United States, 857 F.2d 763, 765 (Fed.Cir.1988) (holding that "[w]hen a court is without jurisdiction to hear a case, it is correspondingly without authority to decide the merits of that case").

Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC) provides for dismissal of plaintiff's claim when the court lacks jurisdiction over the subject matter. In evaluating a Rule 12(b)(1) motion, the court must construe all allegations of fact in a light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The nonmoving party, however, bears the burden of establishing that the court has jurisdiction. *Flathead Joint Bd. of Control v. United States*, 30 Fed.Cl. 287, 292 (1993).

The United States Court of Federal Claims is a court of limited jurisdiction. *See* 28 U.S.C. § 1491 (1994). It finds its authority to hear cases under the Tucker Act, 28 U.S.C. § 1491 (1994), which states in pertinent part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (1994).

## 1. Statutory Violation Claim

■ Plaintiff's complaint must precisely articulate the Constitutional, Congressional,

contracting, or money-mandating provision under 28 U.S.C. § 1491 that gives the court jurisdiction. *Allred v. United States*, 33 Fed. Cl. 349, 353 (1995).[1] Plaintiff has met that standard. The complaint states in full:

1. I believe that I am entitled to annuity under the Retired Serviceman's Family Protection Plan (RSFPP) and/or Survivor Benefit Plan (SBP).

2. I have been previously denied these benefits, and wish to re-enter a complaint to be reconsidered by the U.S. Court of Federal Claims. I have been denied these benefits due to negligence on behalf of personnel at the Denver Finance and Accounting Service, Denver Colorado. Certified documents were mishandled and not given proper attention, therefore not being properly recorded I was not considered the beneficiary of Retired Staff Sergeant Basil H. Livengood, Jr. (*Social Security number omitted*).

3. Proper documents are attached for my reconsideration.

4. I believe that I am entitled to receive all benefits paid since the date of the death of Mr. Livengood in the amount of $39,750.00 and a monthly check of $750.00.

5. Also enclosed you will find an application to proceed in Forma Paupperis.

Plaintiff's Complaint, at ¶¶ 1–5 (filed May 16, 2000).

■ Plaintiff is requesting the court to review the board's decision to deny her claim for benefits. The complaint alleges that plaintiff is owed benefits under both the Retired Serviceman's Family Protection Plan ("RSFPP"), 10 U.S.C. §§ 1431–1446 (1988), and the Survivor Benefit Plan ("SBP"), 10 U.S.C. §§ 1447–1455 (1988). Compl. ¶ 1. Both of these statutes fall within the court's

---

1. Plaintiff is acting pro se, so the court will not require that her submissions conform to the stringent standard required by counsel. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (stating that courts do not hold submissions drafted by pro se plaintiff's to the same stringent standards as submissions drafted by attorneys); *See also Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Plaintiff's pro se status, however, does not relieve her of the requirement that she specifically identify what provision of 28 U.S.C. § 1491 gives the court jurisdiction over her claim. *See Sanders v. United States*, 34 Fed.Cl. 75, 78 (1995).

jurisdiction under 28 U.S.C. § 1491(a) (1994). *See Barber v. United States*, 230 Ct.Cl. 287, 292, 676 F.2d 651 (1982) (holding that 10 U.S.C. §§ 1448–1450 are money mandating, therefore, the court has jurisdiction).

## 2. The Complaint Does Not Allege a Negligence Claim.

Plaintiff has complicated her appeal because she states that DFAS–DE employees were negligent when they mishandled plaintiff's documents. Compl. ¶ 2. In response to plaintiff's complaint, defendant opposes the claim by seizing on the legal usage of the term "negligence." In *Barber*, the court summarily dismissed a similar defense raised by the government. There, the court reasoned that sections 1448–1450 gave the court jurisdiction over plaintiff's claim, therefore, the court "foreclosed [the cause of action's] characterization as a claim sounding in tort." *Barber*, 230 Ct.Cl. at 292, n. 6, 676 F.2d 651. In ascertaining if a negligence claim exists, however, the court looks at plaintiff's allegations to ascertain the true nature of the claim. *Smithson v. United States*, 847 F.2d 791, 794 (Fed.Cir.1988).

Apart from the fact that plaintiff alleges negligence, the complaint does not aver sufficient facts that support a negligence claim. Furthermore, if plaintiff did aver sufficient facts for a negligence claim, the court would dismiss the negligence count, but retain jurisdiction over plaintiff's appeal of the board's decision. The fact that the board might have incorrectly denied plaintiff her SBP benefits in an act or omission "that might also give rise to tort liability is no bar to this court's jurisdiction." *American Satellite Co. v. United States*, 20 Cl.Ct. 710, 713 (1990); *cf. Cottrell v. United States*, 42 Fed.Cl. 144, 148–49 (1998) (dismissing pro se plaintiff's numerous tort-based claims as being outside the court's jurisdiction, but retaining jurisdiction over defendant's motions to dismiss).

The court holds that plaintiff's action is an appeal of the board's adverse decision on her SBP claim and retains jurisdiction. The court, therefore, denies defendant's RCFC 12(b)(1) motion for the aforementioned reasons.

## II. Motion to Dismiss Based Upon the Administrative Record.

■ The court treats a motion to dismiss under RCFC 56.1 similar to a motion for summary judgment under RCFC 56(a). *See Nickerson v. United States*, 35 Fed.Cl. 581, 588 (1996), *aff'd*, 113 F.3d 1255, 1997 WL 177509 (Fed.Cir.1997). The court will only grant the motion if, after viewing the facts in the light favorable to the non-moving party, there is no genuine issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *See Nickerson*, 35 Fed.Cl. at 588–89. The burden rests upon the moving party to prove that no genuine issue exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A genuine issue is one that could be outcome determinative at trial. *See Anderson*, 477 U.S. at 247–248, 106 S.Ct. 2505. When the non-moving party produces evidence that a genuine issue exists, then the court must deny the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court may look beyond the pleadings to any supporting affidavits, interrogatories, etc. in its review. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548.

The issue before the court is whether the government acted improperly when it denied plaintiff her SBP benefits. Since this issue would be outcome determinative at trial, it is a genuine issue. *See Anderson*, 477 U.S. at 247–248, 106 S.Ct. 2505. The record before the court amounts to the complaint, defendant's pending dispositive motions and responses thereto, and the Administrative Record. The Administrative Record contains evidence that plaintiff requested DFAS–DE to identify her as her ex-husband's SBP beneficiary pursuant to a court order, and that she contacted DFAS–DE within the statutory period under 10 U.S.C. § 1450(f)(3)(B) (1988). Defendant acknowledges that plaintiff notified DFAS–DE of the court order, however, the government contends that plaintiff's request was made after the statutory period had expired. The court, there-

fore, is satisfied that a genuine, material issue is in dispute. The court denies defendant's motion to dismiss based upon the Administrative Record.

### III. The Administrative Record Contradicts the Board's Conclusions.

The standard of review in a military pay case requires that the court affirm the board's decision unless the court finds *inter alia* that the board: (i) acted arbitrarily or capriciously, (ii) disregarded evidence, or (iii) acted contrary to law or regulation. *See Sanders v. United States*, 219 Ct.Cl. 285, 594 F.2d 804, 811 (1979). It is not the place for the court to retry the information that was before the agency. *See Holman v. United States*, 181 Ct.Cl. 1, 383 F.2d 411, 415 (Ct.Cl. 1967). The court, however, cannot simply "rubber stamp" the agency's decision in mild-mannered deference. *See Bureau of Alcohol, Tobacco & Firearms v. Federal Labor Relations Auth.*, 464 U.S. 89, 97, 104 S.Ct. 439, 78 L.Ed.2d 195 (1983). If the court determines that the board arbitrarily denied plaintiff's claim or disregarded evidence when it denied the claim, then the court must deny defendant's motion. *See Sanders*, 594 F.2d at 811.

Plaintiff claims that she is entitled to SBP benefits because she was her late ex-husband's legal beneficiary under the plan, pursuant to a court order issued in their divorce decree. A member of the military may be compelled by court order to maintain his or her former spouse as the service member's SBP beneficiary. *See* 10 U.S.C. § 1450(f)(3) (1988). Once a court issues an order, the former spouse must notify the Secretary via letter, with the court order enclosed, that the former spouse is to be listed as the SBP beneficiary. *See* 10 U.S.C. § 1450(f)(3)(B) (1988). The former spouse has one year from the date of the court order to notify the Secretary. *See id.* Once the Secretary receives the letter and court order, the request becomes "effective on the first day of the first month ... after the date of the court order of filing involved." 10 U.S.C.

§ 1450(f)(3)(C) (1988). Thereafter, the former spouse cannot be removed as beneficiary except by specific procedure. *See* 10 U.S.C. § 1450(f)(4) (1988).

Plaintiff's divorce from Mr. Livengood became final on June 22, 1992, when a Kentucky court issued an amended decree.[2] Plaintiff alleges that on July 27, 1992, she sent a letter and a copy of the court's order (the "package") to DFAS–DE, via certified mail. (AR at 35–36). Plaintiff provided the board a certified mail receipt that indicates DFAS–DE received the package on July 31, 1992. (AR at 36). If DFAS–DE received the request within one year of the court's order, then DFAS–DE should have amended Mr. Livengood's military recorded so that it identified plaintiff as his SBP beneficiary effective July 1, 1992. 10 U.S.C. § 1450(f)(3)(C) (1988). DFAS–DE never made that amendment. Def.'s Mot. at 3.

Defendant admits that DFAS–DE received something from plaintiff on July 31, 1992, but it disputes that DFAS–DE received plaintiff's letter and the court order. Def.'s Mot. at 7 n. 4; *see also id.* at 3 (citing AR at 22, 50). Defendant hypothesizes that plaintiff might have sent "such a thing as a request for direct payment of the $300 per month spousal maintenance payment required in the original divorce decree," adding that this suggestion "is not out of the realm of possibility." Def.'s Mot. at 7, n. 4. Beyond speculation, however, defendant does not direct the court's attention to any evidence in the record that suggests DFAS–DE received something other than the letter and court order on July 31, 1992. Defendant's only "evidence" is its own conclusion that because DFAS–DE does not have the letter now, plaintiff could not have sent it then. *See id.* at 7. Defendant concludes, without offering evidence for this summation, that "it is *most likely* that what she sent was not the letter." *Id.* (emphasis added). The board, however, comes to this conclusion by ignoring substantial evidence in the record that plaintiff did

---

2. On June 11, 1992, the same court issued a "final" decree, but that order did not contain the provision that Mr. Livengood had to maintain

plaintiff as his SBP beneficiary. Plaintiff then petitioned the court, and the court issued its June 22, 1992 amended decree.

mail DFAS–DE the required information in July of 1992.[3]

DFAS–DE records show that Mr. Livengood's SBP coverage was suspended "effective June of 1992." (AR at 50). Defendant could not determine why DFAS–DE made this change to Mr. Livengood's record, nor could it identify who requested that DFAS–DE make the change. *See id.* By statute, however, only Mr. Livengood or plaintiff could have legally made that request. *See* 10 U.S.C. § 1450 (1988). Moreover, the timing of the change coincides with the statutory effective date of the June 22, 1992 divorce decree. By statute, DFAS–DE would have identified plaintiff as the SBP beneficiary effective July 1, 1992, thereby changing Mr. Livengood's SBP status as it appeared on June 30, 1992. 10 U.S.C. § 1450(f)(3)(C) (1988). Defendant acknowledges that plaintiff contacted DFAS–DE around the relevant time that DFAS–DE changed Mr. Livengood's status. However, the record contains no evidence that Mr. Livengood contacted DFAS–DE at the relevant time.

The Administrative Record further suggests that it was plaintiff and not Mr. Livengood that contacted DFAS–DE, causing them to change Mr. Livengood's record. Mr. Livengood seldom communicated with DFAS–DE and, when he did, he was never timely about it. After Mr. Livengood divorced Linda Livengood on September 8, 1977, he neglected to notify DFAS–DE for over six years in spite of the fact that the government was taking spousal deductions out of his wages. (AR at 49). When Mr. Livengood finally notified DFAS–DE that he was divorced, the government refunded $1,330.00 that it had deducted. *Id.* After he married plaintiff on October 15, 1984, Mr. Livengood waited two-and-a-half years to notify DFAS–DE. *Id.* After plaintiff and Mr.

Livengood divorced, he remarried Linda Livengood on October 16, 1992, and he notified DFAS–DE ten months later in August 1993. *Id.* at 49–50.[4]

Only plaintiff or her ex-husband could have contacted DFAS–DE and legally effectuated a change to Mr. Livengood's SBP coverage in June 1992. From the administrative record, it does not appear that Mr. Livengood notified DFAS–DE of the divorce. All of the evidence in the record supports that it was plaintiff who requested DFAS–DE to make the change in Mr. Livengood's record. DFAS–DE could not have legally granted plaintiff's request unless plaintiff had provided them with the court order. The board ignored the substantial evidence before it when it denied plaintiff's claim. Therefore, the court denies defendant's motion to dismiss on the administrative record.

## IV. Remand Order

The court cannot affirm the board's decision when the court finds that the board disregarded evidence. *See Bureau of Alcohol, Tobacco & Firearms,* 464 U.S. at 97, 104 S.Ct. 439. That is precisely what the board has done here. Substantial evidence in the record supports plaintiff's claim for SBP benefits, and the board has not explained why it disregarded the evidence.

Therefore, pursuant to RCFC 60.1(2), the court, acting *sua sponte,* remands plaintiff's claim back to the board with orders that the board reconsider plaintiff's claim for benefits under the Survivor Benefit Plan consistent with this order. The board shall file a written report with the court on or before August 15, 2001. In its report, the board shall clearly set forth the factual and legal basis for its decision. *See SEC v. Chenery Corp.,* 332

---

**3.** The Administrative Record contains a copy of plaintiff's letter bearing a date stamp of March 20, 1996. (AR at 35). The government states-and plaintiff does not dispute-that the date stamp was affixed by the government after plaintiff mailed copies of the July 1992 package to the government in March 1996. The government suggests that this date stamp is irrefutable evidence that plaintiff did not mail DFAS–DE the package in July 1992. *See* (AR at 50); *See also* Def.'s Mot. at 7. On its face, however, the date stamp only proves that defendant received copies

of the order and letter in March of 1996. The date stamp does not address the issue that defendant cannot identify what DFAS–DE received in July 1992.

**4.** Mr. Livengood contacted DFAS–DE on July 19, 1993, directing DFAS–DE to designate his wife Linda Livengood as his SBP beneficiary. (AR at 28, 50). When he made the request, he violated the June 22, 1992 court order.

U.S. 194, 196–197, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947).

## CONCLUSION

The court hereby *DENIES* defendant's Motion for Judgment Based Upon the Administrative Record. The court hereby *REMANDS* this matter back to the Air Force Board for Correction of Military Records for review of the existing administrative record and other relevant materials presently not included in the administrative record, pursuant to the holdings in this case. The board shall file a written report on or before August 15, 2001, clearly setting forth the factual and legal basis for its decision. The AFB shall further provide plaintiff a detailed explanation of this decision and effectuate any corrections it deems necessary.

**IT IS SO ORDERED.**