ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of - | ) | |
| | ) | |
| Betance Enterprises, Inc. | ) | ASBCA Nos. 62819, 62820, 62821, 62822 |
| | ) | |
| Under Contract No. W9128F-16-D-0003 | ) | |

APPEARANCE FOR THE APPELLANT:     Dennis C. Gardner, Esq.
  Ogletree, Deakins, Nash, Smoak & Stewart,
    P.C.
  Houston, TX

APPEARANCES FOR THE GOVERNMENT:     Michael P. Goodman, Esq.
  Engineer Chief Trial Attorney
Stacy K. Birkel Esq.
  Engineer Trial Attorney
  U.S. Army Engineer District, Omaha

OPINION BY ADMINISTRATIVE JUDGE MCNULTY

The government has filed a motion to dismiss the appeals for failure to state a claim. Although our rules do not explicitly contemplate this type of motion, we do entertain them in accordance with the provision in our Rule 7(a) "to secure, to the fullest extent practicable, the informal, expeditious and inexpensive resolution of appeals." *See Kandahar Mahali Transit Forwarding Ltd*., ASBCA No. 62319, 20-1 BCA ¶ 37,635 at 182,725. We do not do so here however because we lack jurisdiction to consider the appeals. We lack jurisdiction because the claims which are the subject of the appeals and which exceed $100,000, are not certified as required by the Contract Disputes Act (CDA). Accordingly, we dismiss the appeals without prejudice subject to the filing of a properly certified claim or claims.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. The government awarded Single Award Task Order Contract No. W9128F-16-D-0003 to Betance Enterprises, Inc. (BEI) on October 29, 2015, for construction at Fort Carson, Colorado in the maximum amount of $49,000,000 (R4, tab 2).

2. The government awarded Task Order W9128F17F0152 (Task Order 52) to BEI on September 22, 2017, in the amount of $1,268,180.55. The work under the task order was for roof repairs (R4, tab 6).

3.  The government awarded Task Order W9128F18F0032 (Task Order 32) to BEI on December 12, 2017, in the amount of $937,665.65.  The work under the task order was for roof replacement (R4, tab 17).

4.  The government awarded Task Order W9128F18F0034 (Task Order 34) to BEI on December 14, 2017 in the amount of $800,147.77.  The work under this task order was also for roof replacement (R4, tab 34).

5.  The government awarded Task Order W9128F18F0035 (Task Order 35) to BEI on December 15, 2017, in the amount of $1,177,804.93.  The work under this task order was also for roof replacement (R4, tab 51).

6.  In June 2018 and August 2018, Fort Carson experienced hailstorms which caused damage to the roof repair and replacement work BEI was performing pursuant to the task orders (R4, tabs 30 at 773, 64 at 1358).

7.  By letters dated December 11, 2020, BEI submitted four separate claims for repair costs it allegedly had incurred for damage to its work under the task orders caused by the hail storms as follows:

| | |
|---|---|
| Task Order 52 | $701,398.73  (R4, tab 3 at 2) |
| Task Order 32 | $380,993.57  (R4, tab 14 at 2) |
| Task Order 34 | $247,929.46  (R4, tab 31 at 2) |
| Task Order 35 | $387,458.13  (R4, tab 48 at 2) |

All four claims were signed by Michael Betance, President of BEI.  All four claims included the following statements before Mr. Betance's signature, "A certification in accordance with FAR 52.223-1 (2)(i) is attached.  See Exhibit E" (R4, tabs 3 at 2, 14 at 2, 31 at 2, 48 at 2).  All four claims had an Exhibit E attached, which consisted in full, of the following:

CERTIFICATION

I certify that the above and foregoing claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the Contractor believes the Government is liable; and that I am authorized to certify the claim on behalf of the Contractor.

[Signature block]

2

(R4, tabs 3 at 447, 14 at 640, 31 at 901, 48 at 1117). None of the purported certifications included any other mark, and, to be clear, "[Signature block]" are the exact characters in the original (*see id.*).

DECISION

Although neither party has asserted a challenge to our jurisdiction to consider the appeals, we may raise such issues *sua sponte*. *Dick Pacific Constr. Co.*, ASBCA Nos. 57675 *et al.*, 16-1 BCA ¶ 36,196, at 176,640. We do so now because we are obligated to assure ourselves that we have jurisdiction. *Hambsch v. United States,* 857 F.2d 763, 764-765 (Fed. Cir. 1988).

The CDA, 41 U.S.C. §§7101-7109, provides the authority for our jurisdiction over claims arising under contracts. Section 7103(b)(3) of the CDA requires that claims that exceed $100,000 in amount, as do the four claims underlying these appeals, be certified. The Federal Circuit has held that certification of claims requiring certification is a prerequisite to jurisdiction. *Ball, Ball & Brosamer, Inc. v. United States,* 878 F.2d 1426 (Fed Cir. 1989).

Although BEI attached certification language to its claims, it failed to sign the certifications. This is because a signature, for purposes of claims certification, is a "discrete verifiable mark made with intent to authenticate," *Kamaludin Slyman CSC*, ASBCA Nos. 62006, *et al*, 20-1 BCA ¶ 37,694 at 183,000 (Senior Deciding Group), and there is no such mark here.* In its response to the government's motion, BEI conceded that it had failed to sign the certification, noted the government had not sought dismissal on this basis, and speculated that the government's decision in this regard was probably attributable to the provision in Federal Acquisition Regulation (FAR) 33.207(f), which states that defects in certification do not deprive agency boards of contract appeals of jurisdiction and permit correction of any defects in the certification. BEI indicated that it would sign the certifications if the Board requested that it do so. (App. resp. at 14-15)

Unfortunately for BEI, failure to sign a certification is not merely a defect. FAR 33.201 defines defective certification to mean "a certificate which alters or otherwise deviates from the language in 33.207(c) or which is not executed by a person authorized to bind the contractor with respect to the claim. *Failure to certify shall not be deemed to be a defective certification.* " (Emphasis added) Accordingly, the complete lack of a signature on a certification is not a defect that can be cured under FAR 33.201 such that we can retain jurisdiction. *Kamaludin*, 20-1 BCA ¶ 37,694 at 182,998-99

---

* To be sure, in *Kamaludin*, we permitted a typed name affixed at the end of an email to constitute a signature for claims certification purposes, *see* 20-1 BCA ¶ 37,694 at 183,000, but here, there was no name or identification of the individual purportedly certifying the claim, just the words "[signature block]".

(citing cases); *Sygnetics, Inc.*, ASBCA No. 56806, 10-2 BCA ¶ 34,576 at 170,465 ("The absence of a signature on a CDA certification renders it ineffective for any purpose.").

CONCLUSION

BEI's failure to sign the certification is a defect that cannot be remedied. We lack jurisdiction to consider the claims. Accordingly, the appeals are dismissed without prejudice subject to the submission of a properly certified claim or claims. The government's motion is denied as moot.

Dated: June 15, 2021

CHRISTOPHER M. MCNULTY
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 62819, 62820, 62821, 62822, Appeal of Betance Enterprises, Inc., rendered in conformance with the Board's Charter.

Dated:  June 16, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals