ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| White Balad Co. | ) | ASBCA No. 62934 |
| | ) | |
| Under Contract No. F38604-05-MW486 | ) | |

APPEARANCE FOR THE APPELLANT:          Mr. Haidar Kasim
         Owner

APPEARANCES FOR THE GOVERNMENT:      Jeffery P. Hildebrant, Esq.
        Deputy Chief Trial Attorney
      Siobhan Donahue, Esq.
        Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS ON JURISDICTION

The Board *sua sponte* raised the issue of whether it possesses jurisdiction to entertain the claim submitted by appellant, White Balad Co. (White Balad), to the Department of the Air Force (Air Force or government) seeking payment pursuant to a contract for lumber in September 2005. For the reasons set forth below, we hold that we possess jurisdiction to consider the claim.

STATEMENT OF FACTS FOR PURPOSES OF JURISDICTION

On May 26, 2021, White Balad filed a notice of appeal with the Board alleging[1] that it has not been paid for lumber that it provided to the Air Force at Balad Air Base in Iraq under Contract No. F38604-05-MW486 (notice of appeal). White Balad attached to the notice of appeal a one-page document that was signed by both parties and that White Balad identified as a copy of the contract (*id.* at attach. 1). The document appears to be a portion[2] of a commercial items contract for the delivery of various types of lumber with an award date of September 15, 2005 and a payment amount of $94,800 (*id.*). On June 7, 2021, the appeal was docketed as ASBCA No. 62934.

---

[1] The Board assumes that White Balad's allegations regarding the contract at issue in this matter are true for the purposes of this decision.

[2] The document states that it is "PAGE 1 OF 4" and a box is checked on the document to indicate that addenda are attached, but the record does not contain any additional pages of the document (compl. at attach. 1; R4, tab 1). To date, neither party has provided the Board with a copy of the complete contract.

On June 27, 2021, White Balad filed its complaint (compl.). White Balad attached several documents to the complaint, including a document purporting to be a receipt for White Balad Co.'s delivery of the lumber to Balad Air Base that is signed by Captain Brent A. Rockow and dated September 23, 2005 (*id.* at attach. 2). In addition, White Balad attached to the complaint over 20 emails that it allegedly sent to members of the contracting office at Balad Air Base between March 2006 and May 2021 seeking payment under the contract (*id.* at attach. 5-30).

On August 2, 2021, the government filed an answer entering lack of knowledge and general denials for all statements in the complaint, including that the Air Force entered into Contract No. F38604-05-MW486 with White Balad Co. (answer at 1).

Thereafter, by Order dated August 11, 2021, the Board directed the parties to file briefs addressing whether White Balad was awarded Contract No. F38604-05-MW486 and whether White Balad submitted a timely claim to the contracting officer for the alleged unpaid invoice (Order dtd. August 11, 2021).

On August 21, 2021, White Balad filed a response to the Board's August 11, 2021 Order representing that it: (1) provided a copy of the contract to the Board as an attachment to the complaint; (2) submitted a claim to the contracting officer on August 15, 2008; and (3) submitted a CDA claim certification on April 14, 2008 (app. resp.). To support these allegations, White Balad attached to its response an email dated August 15, 2008 with a signed copy of the claim as well as a document dated April 14, 2008[3] containing a signed CDA claim certification, which was not required because its claim is under $100,000 (app. resp. at attach. 2-3).

On September 1, 2021, the government filed a response to the Board's August 11, 2021 Order representing that "[a]dditional evidence has come to light" that has led the government to change its position (gov't resp. at 1). Specifically, the government stated that it does not dispute White Balad's allegations that: (1) the Air Force awarded White Balad Contract No. F38604-05-MW486; (2) White Balad timely submitted a claim to the contracting officer; and (3) White Balad is now appealing a deemed denial of that claim (*id.* at 1-3).

DECISION

I.    Standard of Review

Although neither party has asserted a challenge to our jurisdiction to consider the appeals, we may raise such issues *sua sponte*. *Dick Pacific Constr. Co.*, ASBCA

---

[3] We note that the CDA certification is dated four months *prior* to the date of the claim it purportedly certifies.

Nos. 57675 *et al.*, 16-1 BCA ¶ 36,196, at 176,640.  We do so now because we are obligated to assure ourselves that we have jurisdiction.  *Hambsch v. United States*, 857 F.2d 763, 764-765 (Fed. Cir. 1988).

White Balad bears the burden of proving the Board's subject matter jurisdiction by a preponderance of the evidence.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *see also United Healthcare Partners*, *Inc.*, ASBCA No. 58123, 13-1 BCA ¶ 35,277 at 173,156.  "The facts supporting jurisdiction are subject to our fact-finding upon a review of the record."  *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816.

It is well-established that the CDA grants this Board jurisdiction over express or implied contracts made by an executive agency for, among other things, the procurement of property.  41 U.S.C. § 7102(a)(1).  "Taking jurisdiction to consider non-frivolous allegations that an express or implied contract exists is different from actually *determining* whether or not such a contract exists."  *A-1 Horton's Moving Serv.*, *Inc.*, ASBCA No. 57750, 12-2 BCA ¶ 35,124 at 172,452 (emphasis in original).  Our reviewing court, the United States Court of Appeals for the Federal Circuit, has held that "a plaintiff need only allege the existence of a contract to establish the Board's jurisdiction under the CDA 'relative to' to an express or implied contract with an executive agency."  *Engage Learning*, *Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011); *see also Am. Gen. Trading & Contracting*, *WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,640 (holding that proof of the existence of a contract goes to the merits of the claim not to the Board's jurisdiction).

In addition, to establish Board jurisdiction, a contractor must show that it submitted a valid claim to the relevant contracting officer and that it received either a final decision on, or deemed denial of, that claim.  *M. Maropakis Carpentry*, *Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010); *see also* FAR 2.101 (a routine request for payment may be converted into a claim if it is disputed or is not acted upon within a reasonable time).

The CDA does not define the term 'claim,' thus, we turn to the definition contained in the FAR.  *Maropakis*, 609 F.3d at 1327.  A claim is a "written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain . . . arising under or relating to the contract."  FAR 2.101.  Liability is fixed when a claim "accrues."  *Atherton Constr.*, *Inc.*, ASBCA No. 56040, 08-2 BCA ¶ 34011 at 168,191.  A claim accrues as of "the date when all events, that fix the alleged liability of either the Government or the contractor and permit assertion of the claim, were known or should have been known."  FAR 33.201.  A contractor must submit a claim to the relevant contracting officer within six years of accrual.  41 U.S.C. § 7103(a)(4)(A).

II.     The Board Possesses Jurisdiction Over The Subject Appeal

White Balad Co.'s claim satisfies the jurisdictional requirements set forth in the CDA.  41 U.S.C. §§ 7101-09.  White Balad asserts, and the government does not challenge for the purposes of this motion, that it was awarded Contract No. F38604-05-MW486 (compl. at 1; app. resp. at 1; gov't resp. at 1).  In addition, White Balad asserts, and the government does not dispute, that White Balad submitted a claim for payment to the contracting officer (app. resp. at 1; gov't resp. at 3).  Finally, it is also undisputed that the Air Force did not act upon appellant's claim within a reasonable time, and therefore, White Balad is now properly appealing a deemed denial of that claim (*see* compl. at 1-6; app. resp. at 1; gov't resp. at 3).[4]  Accordingly, we hold that we possess jurisdiction to entertain the government's deemed denial of White Balad Co.'s claim.

CONCLUSION

For the reasons stated above, the Board possesses jurisdiction pursuant to the CDA to consider White Balad's claim.

Dated:  February 1, 2022

_____
DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[4] Specifically, the government states in its response to the Board's August 11, 2021 Order that the Air Force's continuing investigation of White Balad's allegations did not disclose evidence that would contradict that White Balad made the many alleged communications asserting timely demands for payment (gov't resp. at 3).  And so, the government concedes "the Board likely would conclude from proof of Appellant's allegations that the Air Force did not act upon, within a reasonable time, Appellant's multiple demands over a span of five years for payment of its uncontested invoice" (*id.*).

4

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62934, Appeal of White Balad Co., rendered in conformance with the Board's Charter.

Dated: February 2, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals