ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                        )
                                                   )
Zahra Rose Construction & Logistics                )        ASBCA No. 63221
    Services Company                               )
                                                   )
Under Contract No. H92237-20-P-3029                )

APPEARANCE FOR THE APPELLANT:            Ms. Zahra Noori
                                          CEO

APPEARANCES FOR THE GOVERNMENT:          Jeffrey P. Hildebrant, Esq.
                                          Deputy Chief Trial Attorney
                                         Maj Brian Shust, USAF
                                         Maj Ashley Ruhe, USAF
                                          Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE SMITH

This appeal was filed well after the expiration of appellant's (Zahra) 90-day opportunity to appeal respondent's (the government) claim denial of August 12, 2021. Although there were some technical flaws in the contracting officer's decision, Zahra has not shown prejudice. Nor do we have the discretion to consider Zahra's equitable argument, such as it is, for relief from the 90-day deadline. For these reasons, we dismiss Zahra's appeal for lack of jurisdiction.

FINDINGS OF FACT

Contract No. H92237-20-P-3029 provided for Zahra, an Afghan contractor, to lease one front end loader (a construction vehicle used for earthwork) to the government in 2020 (app. supp. R4, tabs 1, 5).[1] After the conclusion of the contract in November 2020, an email debate occurred in early 2021 regarding the whereabouts of the loader and who was responsible for its return to Zahra (app. supp. R4, tabs 7-10). On June 2, 2021, Zahra submitted a certified claim for $101,000 alleging that the government failed to return the loader to Zahra and was liable for its value and an extended lease payment for the time period following the notice to retrieve it (app. supp. R4, tab 1). On August 12, 2021, the contracting officer signed a decision

---

[1] The documents we identify herein as appellant's supplemental Rule 4 submission were sent as attachments to Zahra's notice of appeal. Zahra did not number its supplemental Rule 4 documents, so we assign tab numbers in the sequential order the documents were attached to Zahra's notice of appeal.

document "in accordance with FAR 33.211" that denied Zahra's claim in its entirety (app. supp. R4, tab 2). Zahra was notified by email on the same day that its claim was denied (Respondent's Reply dtd. March 29, 2022, to the Board's Order dtd. March 17, 2022, attach. 1 at 2). On August 25, 2021, the decision document itself was emailed to Zahra. *Id.*

The decision document did not comply with two aspects of Federal Acquisition Regulation (FAR) FAR 33.211: it did not include a recitation of Zahra's appeal rights (FAR 33.211(a)(4)(v)), and it was not transmitted to Zahra ". . . by a[] method that provides evidence of receipt" as required by FAR 33.211(b). [2]

Instead, the decision was transmitted to Zahra at the email address that Zahra used throughout the contract (Respondent's Reply dtd. March 29, 2022, to the Board's Order dtd. March 17, 2022, attach. 1; app. supp. R4, tabs 7-10).[3] Zahra used the same email address in this appeal from March 6, 2022, onward (ASBCA No. 63221 docket #s 1, 6, 8, 10, 13). Moreover, Zahra used the same email address, and another, in a different Board appeal between November 2020 through April 2022 (ASBCA No. 62732 docket #s 1-2, 5-6, 10-11, 13-16, 18, 21, 25, 30, 32, 34, 37, 39, 42-43, 45-46, 50).

After the decision was sent, Zahra complained about it and attached it to an email back to the government on October 18, 2021 (Respondent's Reply dtd. March 29, 2022, to the Board's Order dtd. March 17, 2022, attach. 1 at 6). The government responded one day later that it would not reconsider the denial. *Id.* Without further discussion after October 19, 2021, Zahra waited until March 6, 2022, to submit its notice of appeal to the Board. In sum, Zahra's notice of appeal was submitted 193 days after the government emailed the decision document on August 25, 2021, and 139 days after Zahra sent the decision document back to the government in Zahra's email of October 18, 2021.

After the March 6, 2022, notice of appeal, both the Board and the government questioned the timeliness of Zahra's appeal, to which Zahra replied without detail or supporting documents that it was impeded by the Taliban takeover of Afghanistan (app. emails of March 30 and April 6, 2022).

---

[2] It is possible that the government could not transmit its decision by any other means than email, given the situation in Afghanistan in August 2021, or that the government thought it would receive a read-receipt to its email. The reason for the lapse, however, is immaterial to this decision.

[3] The email addresses are contained in the record but the Board generally does not publish contact information for Afghan contractors in its decisions.

DECISION

Although the government has withdrawn its earlier challenge to the Board's jurisdiction, the government's position is not conclusive of the jurisdictional question or binding on the Board. *Hambsch v. United States*, 857 F.2d 763, 764-765 (Fed. Cir. 1988). Instead, the Board is obligated to consider its jurisdiction itself, and "[t]he facts supporting jurisdiction are subject to our fact-finding upon a review of the record." *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816.

In doing so, we have reviewed the record, and we find no justification to deviate from the black-letter and oft-repeated rule that the 90-day time limit to initiate a Board appeal of a contracting officer's decision is jurisdictional and is strictly construed. *See* Contract Disputes Act, 41 U.S.C. § 7104(a); *DCX-CHOL Enters., Inc.*, ASBCA Nos. 62453, 62454, 20-1 BCA ¶ 37,722 at 183,111 ("We do not possess jurisdiction to hear an appeal when a contractor fails to file a notice of appeal within 90 days of its receipt of that decision. *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390-91 (Fed. Cir. 1982)"). A contractor must demonstrate prejudice caused by a technical flaw in a contracting officer's decision when seeking to be excused from an untimely appeal. *Placeway Constr. Corp. v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990) ("The decision is no less final because it failed to include boilerplate language usually present for the protection of the contractor."). Failing that, equitable tolling is not available to extend the 90-day limit. *DCX-CHOL,* 20-1 BCA ¶ 37,722 at 183,111; *Waterstone Envtl. Hydrology & Eng'g., Inc.*, ASBCA No. 57557, 12-1 BCA ¶ 35,028 at 172,141-42.

Regarding the technical flaws in the contracting officer's decision, Zahra does not cite them as a reason for its delay and certainly does not assert that the lack of written appeal rights prejudiced its ability to timely initiate its Board appeal. In fact, Zahra's prior notice of appeal in ASBCA No. 62732 was timely, filed two days after receipt of the contracting officer's decision (ASBCA No. 62732 docket # 1). This is a strong indication that Zahra did not need its appeal rights repeated in the contracting officer's decision here. Moreover, Zahra's eventual appeal to the Board here also shows that Zahra knew how to initiate an ASBCA appeal (again). Thus, the lack of appeal rights in the government's decision document has not been demonstrated to have prejudiced Zahra's ability to timely appeal to the Board.

Next, the fact that the government did not transmit the contracting officer's decision to Zahra ". . . by a[] method that provides evidence of receipt" introduces some uncertainty about when Zahra received the decision, thus when the 90-day appeal period started. But Zahra does not assert that it did not receive the decision by email on August 25, 2021, 193 days before its notice of appeal. And Zahra sending the decision back to the government on October 18, 2021, proves that Zahra received

the decision no later than October 18, 2021, which was 139 days prior to its March 6, 2022, notice of appeal anyway. In short, Zahra's notice of appeal was at least 49 days late and cannot be blamed upon the technical flaws of the contracting officer's decision, even if Zahra had tried to make that argument.

Zahra's only argument for equitable tolling is its assertion that it could not timely initiate its Board appeal due to the Taliban takeover of Afghanistan. These highly unusual circumstances might warrant further consideration, except that the record in ASBCA No. 62732 shows that Zahra was online, had email access, and was actively communicating with the Board periodically and regularly between August 2021 and March 2022, including during the 90 days following August 25, 2021 (ASBCA No. 62732 docket #s 37, 39), and the 90 days following October 18, 2021 (ASBCA No. 62732 docket #s 37, 39, 42-43, 45). Zahra's ability to conduct business before the Board during its 90-day appeal period was not prevented by the instability in Afghanistan.

## CONCLUSION

Zahra's appeal was not timely submitted to the Board, and the circumstances do not meet the criteria for the very few exceptions to the deadline. As a result, we do not possess jurisdiction, and we dismiss this appeal.[4]

Dated: May 19, 2022

BRIAN S. SMITH
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[4] To the extent that our decision seems uncharitable towards a *pro se* contractor who endured the hostile takeover of Afghanistan, we note that Zahra can still timely appeal to the Court of Federal Claims, which permits appeals within one year of receipt of the contracting officer's final decision. *See* 41 U.S.C. § 7104(b)(3). Further, if the government's withdrawal of its argument against Board jurisdiction was motivated by a willingness to negotiate the claim with Zahra, our dismissal here returns jurisdiction to the Contracting Officer to do so.

I concur                                                    I concur

RICHARD SHACKLEFORD                              J. REID PROUTY
Administrative Judge                                    Administrative Judge
Acting Chairman                                          Vice Chairman
Armed Services Board                                   Armed Services Board
of Contract Appeals                                      of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63221, Appeal of Zahra Rose Construction & Logistics Services Company, rendered in conformance with the Board's Charter.

Dated: May 19, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

5